Atkinson, J.,
delivered the opinion of the court:
The claimant, a retired naval officer, brings this suit to recover the difference in pay between that of a lieutenant and a lieutenant commander on the retired list from June 29, *365 1906, to tbe time of the filing of his petition in this cause. The facts upon which he bases his claim are, briefly stated, as follows: While serving as a lieutenant on the U. S. S. Omaha; in March, 1874, his eyesight was pronounced by a medical survey board to be of such a character as to unfit him for active service, and he was detached from his ship in the harbor of Callao, Peru, and sent to the United States. In July of that year he was examined by a naval retiring board at Washington, D. C., convened in accordance with section 23 of the act of August 3, 1861 (12 Stats., 291), now sections 1448 to 1454 and section 1457 of the Eevised Statutes, which board rendered the following decision:
“ There being no further evidence to offer in the case, the board was cleared for deliberation, and after mature deliberation find that Lieut. Jerome E. Morse, United States Navy, is incapacitated from performing the duties of his office; and the board further finds that the incapacity did not originate in the line of duty, and recommend that Lieut. Morse be placed upon the retired list on furlough pay.”
Thereafter, on July 24, 1874, the Secretary of the Navy addressed the following letter to the'claimant:
“ The naval retiring board, before which you recently appeared, found you incapacitated for performing the duties of your office and that the incapacity did not originate in the line of duty, and the President of the United States, concurring in opinion with the board, has directed that you be retired on furlough pay. _ You will accordingly be considered as so retired from this date.”
On July 17, 1878, he was transferred by the President, by and with the consent of the Senate, under the provisions of section 1594 of the Eevised Statutes, from the furlough to the retired-pay list, and thereafter received 50 per cent of the highest sea pay of his grade.
Under date of June 26, 1902, claimant was informed that he had been transferred from the half-pay list to the 75 per centum pay list under the special act of Congress approved June 10, 1902 (32 Stats., 1444), which act is in the language following:
“ That the Secretary of the Navy be, and he is hereby, authorized and empowered to transfer Lieutenant Jerome E. Morse, of the retired list of the United States Navy, from *366 the half-pay list to the seventy-five per centum pay list of the retired officers, under section fifteen hundred and eighty-eight of the Revised Statutes of the United States; and the said transfer shall take effect as of the passage of this act.”
Section 1588 of the Revised Statutes reads:
“ The pay of all officers of the Navy who have been retired after forty-five years’ service after reaching the age of sixteen years, or who have been or may be retired after forty years’ service, upon their own application to the President, or on attaining the age of sixty-two years, or on account of incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to seventy-five per centum of the sea pay provided by this chapter for the grade or rank which they held, respectively, at the time of their retirement. The pay of all other officers on the retired list shall, when not on active duty, be equal to one-half the sea pay provided by this chapter for the grade or rank held by them, respectively, at the time of their retirement.”
The act of June 29, 1906 (34 Stats., 554), provides that any officer of the Navy not above the rank of captain, who had served honorably in the Civil War prior to April 9, 1865, and who had been “ retired on account of wounds or disability incident to the service,” may, in the discretion of the President, by and with the consent of the Senate, be placed on the retired list of the Navy with the rank and retired pay of one grade above that actually held by him at the time of retirement. Under the provisions of this act claimant was advanced by the President, with the consent of the Senate, on February 2,1907, to the rank of lieutenant commander on the retired list, it being the next grade above that from which he was originally retired in July, 1874.
It is conceded that claimant has all the qualifications for advancement to the grade of lieutenant commander under the act of June 29, 1906 (supra), if he is to be considered as having been retired for disability incident to the service; but his right of recovery in this action depends solely upon the inquiry whether the special act of June 10,1902 (supra), operated to change his status from that of an officer retired for incapacity not incident to the service to that of an officer retired for incapacity incident to the service.
*367 It is true that the special act authorized the transfer of claimant from the half-pay list to the 75 per cent pay list, but it must be borne in mind that such transfer (as provided by the special act) is to be made “ under section 1588 of the Eevised Statutes,” which section provides that the increase of salary is restricted, as we have already shown, to such officers only as were retired after 45 years of service, or who have attained the age of 62 years, or “ on account of incapacity resulting from long and faithful service, or from wounds received in the line of duty, or from sichness or exposure therein.” Claimant does not come within any of these conditions. On the contrary, he was retired from -active service, when comparatively a young man, because of a disease of his eyes which the retiring board found did not originate in the line of duty. No suggestion is anywhere contained in the record, nor was it raised at bar, that the proceedings of said board were irregular in any particular whatever. Its findings, therefore, upon the question of the fact of the origin of claimant’s incapacity, when approved by the President, was the judgment of the tribunal created under the law for the government of the Navy to determine such questions. (Potts v. United States, 125 U. S., 173; Burchard v. United States, ibid., 176.) When, therefore, the Congress afterwards authorized his transfer by the special act of June 10, 1902, from the half-pay list to the 75 per cent pay list, it did not thereby reverse the findings of the retiring board or change the claimant’s status as a retired officer.
The status of claimant was fixed by the findings of the retiring board, approved by the President, and whether the Congress possesses authority to change the finding of a retiring board, it, however, certainly can not be held to have expressed an intention to that effect in this case.
We are of the opinion, therefore, and so decide, that claimant is not entitled to be placed on the retired list of the Navy with the rank and retired pay of one grade higher than that actually held by him at the time of his retirement from the naval service in 1874, viz, that of lieutenant, and his petition is accordingly dismissed.