Green, Judge,
delivered the opinion:
The plaintiff, a retired officer in the United States Army, brings this suit to recover the sum of $1,704 which he alleges was wrongfully withheld from his pay during a certain period when he was on the retired list but performing active duty.
It appears without controversy from the evidence that on June 30, 1922, the plaintiff held the rank of major on the retired list but was performing active duty. He continued to perform active duty from July 1, 1922, to August 22, 1925, when his active duty was terminated. From July 1, 1922, to and .including February 29, 1924, he received $250 a month, being the pay of a major on the retired list while serving on active duty under the act of May 11, 1908, plus *435 10 per cent longevity pay for five years’ service, or a total of $275 a month; from March 1, 1924, to the termination of his active duty, he was paid but $230 a month, being the pay of a major on active duty with over njne years’ service under the act of June 10,1922. The change in plaintiff’s pay was caused by a ruling of the Comptroller General to the effect that the plaintiff’s pay during the period above specified should not have been computed under the act of May 11,1908, but in accordance with the construction which he placed upon the act of June 10, 1922. The result of the ruling of the Comptroller General was that a “ checkage ” was made against plaintiff’s pay of $906, and his pay reduced as stated above, by reason of which he lost in all $1,704, for which he brings suit.
The case turns entirely upon the construction of section 17 of the act of June 10, 1922. The material portions of this section are as follows:
“ Sec. 17. That on and after July 1, 1922, retired officers and warrant officers shall have their retired pay, or equivalent pay, computed as now authorized by law on the basis of pay provided in this act: Provided, That nothing contained in this act shall operate to red/uce the present pay of officers, warrant officers, and enlisted men now on the retired list or officers or warrant officers ,in an equivalent status of any of the services mentioned in the title of this act. * * * Eetired officers of the Army * * * below the grade of brigadier general * * * and retired warrant officers and enlisted men of those services, shall, when on active duty, receive full pay and allowances.” (Italics ours.)
The plaintiff’s contention is that the proviso of section 17 prevented a reduction in the pay of any officer on the retired list at the time when the act was passed, while the defendant insists that a retired officer performing active duty after June 30,1922, could only be paid according to the rate prescribed by the act of that date.
The theory of the defendant can only be sustained by holding in effect that when an officer on the retired list is assigned to active duty he is for the time being taken off of the retired list. This can not be the law. It has not only been held otherwise by Attorney Generals, but long continued practice has placed a different construction on the *436 statutes which govern this matter- — so long that when taken together with the fact that many statutes have been framed on the basis of that construction it has become firmly established. Moreover, it would be almost impossible to administer the law upon any other basis. It should be said also that the words “ present pay ” used in the proviso obviously refer-to the pay which an officer was receiving at the time of the enactment of the law. “ Present pay ” can not mean pay received at some other time or under some other circumstances from that in which the officer is found.
This construction also harmonizes with the intent of Congress, as expressed by the committee report on the bill which stated in substance that it recognized “ the moral obligation of the Government not to reduce the pay of any officer now-in the service below the rate established in 1908.” (Italics ours.) This was accomplished by the saving clause in section 16 of the act, which prevented the reduction of the pay of any officer on the active list, and by the proviso in section 17, which prevented the reduction of the pay of any officer-on the retired list. It is possible that the same purpose-could have been reached with fewer words, but as we have construed the act it prevents the provisions of the bill which reduced pay on and after July 1, 1922, from applying to officers then in the service in accordance with the intention of Congress.
It follows that plaintiff is entitled to recover the amount, of pay shown to have been withheld from him, and judgment will accordingly be rendered in his favor for $1,704.
Whaley, Judge; Williams, Judge; Littleton, Judge;- and Booth, Chief Justice, concur.