## PIONEER RUBBER MILLS v. UNITED STATES.
### No. 19248 K.

District Court, N. D. California, S. D.
March 30, 1935.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for plaintiff.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

ST. SURE, District Judge.

This case was submitted to and decided before his death by the late Judge Kerrigan. The case has since been resubmitted to and considered by me. I have reached the same conclusion as did Judge Kerrigan, and I accordingly adopt his opinion, as follows:

"The dispute in this income tax case concerns the propriety of the application of credits for the overpayment of taxes for the years 1920 and 1921 to the unpaid balance of the 1918 tax. There are many questions involved in this case, but the central question is whether or not the credits should be repaid to the taxpayer because, at the time they were applied, collection of the 1918 tax was barred by the statute of limitations.

"The facts are stipulated and the important ones may be summarized. The same taxpayer, operating under a different name than that now used by plaintiff, filed its income tax return on June 13, 1919, for the tax year 1918. The tax was assessed and paid in part. At the end of 1919 there remained an unpaid balance of $36,000 (using round numbers as I shall do throughout this opinion) which has never been paid except for the partial payments by the disputed applications of credits. In 1920, plaintiff filed a claim for abatement of this unpaid balance. On February 20, 1924, an additional tax deficiency for 1918 in the sum of $26,000 was assessed by the Commissioner. In March of the same year plaintiff filed a claim for abatement of both the unpaid balance and the deficiency and also for refund of the tax already paid. October 17, 1925, the commissioner rejected plaintiff's claim for abatement and refund except as to $16,000 of the deficiency which was determined to be overassessed. Within the 60-day period plaintiff appealed from this decision to the Board of Tax Appeals. In 1926, upon the recommendation of the local collector, the Commissioner abated the unpaid $36,000 as uncollectible. In 1926 and 1927 credits for overpayments of taxes for the years 1920 and 1921 in the total sum of approximately $3,400 were applied to the deficiency assessment for 1918.

"In February, 1929, the Board of Tax Appeals made its final ruling and held that

the amount of the deficiency was properly fixed at $9,000, but that it was barred by the statute of limitations; the opinion contained the further finding: 'That the Statute of Limitations had on June 13, 1924, run against the collection of any taxes against this petitioner for the year 1918.'

"Subsequently in November, 1929, the Commissioner transferred the credits for the overpayments from the deficiency to the unpaid balance of $36,000.

"Plaintiff brings this action in three counts. The first is based generally on a claim for refund of the overpayments improperly credited upon a tax which was at the time of the credit barred by the statute of limitations. The second is upon an account stated for the overpayment of the 1921 tax in the sum of $2,937.09, with interest. The third is upon an account stated for the overpayment of the 1920 tax in the sum of $587.03, with interest.

"There are several points which should be dealt with preliminarily to the question of the statute of limitations. The abatement of the $36,000 as uncollectible did not bar the right of the government should it otherwise be found to be collectible. It was an entry for departmental purposes in clearing the books and did not relieve the taxpayer of liability. Kroyer v. U. S. (Ct. Cl.) 55 F.(2d) 495.

"It is contended by plaintiff that the government had no right to transfer the credits from the deficiency to the unpaid balance, and that, when the deficiency was declared barred by the statute of limitations, the credits should have been immediately refunded. Both sides contend, in support of different propositions, that the tax for a given year is an entirety and I believe that is sound law, and supported by authority. The courts have held that the recomputation of the entire tax is involved in the determination of the deficiency, or claim for refund. Brampton Woollen Co. v. Field (C. C. A. 1) 56 F.(2d) 23; James v. U. S. (Ct. Cl.) 38 F.(2d) 140. The balance in the sum of $36,000 and the $9,000 deficiency together constituted the unpaid portion of plaintiff's 1918 tax. I do not attach importance to the form of the bookkeeping entries transferring the credit from one portion to the other. Looking at the realities of the tax liability, it is immaterial whether the credits were applied to the unpaid balance or to the deficiency, and it is equally immaterial that the credits were subsequently transferred from one to the other.

"Coming now to the question of the propriety of the credits after the tax liability was barred by the statute of limitations, there was a five-year limitation on the 1918 taxes, and the Board of Tax Appeals held that the liability was barred on the 13th of June, 1924. Its judgment has become final; the finding is conclusive on this issue, and I believe that the fair effect of the decisions is that the entire liability for the year 1918 was barred on that date.

"The Revenue Act of 1928 (26 USCA § 2001 et seq.) being in effect at the time of the rendition of the judgment of the Board of Tax Appeals and the reapplication of the credits, its procedural provisions were and are applicable. Section 607 (26 USCA § 2607) provides that the payment of taxes after the statute of limitations has run are overpayments and shall be credited or refunded if proper claim is made. Section 609, subds. (a) and (c), 26 USCA § 2609 (a, c) provide that a credit made before or after the enactment shall be considered an overpayment under section 607. Were it not for section 611 of the same act (26 USCA § 2611), the cited sections would require the refund of the credits.

"The pertinent portions of section 611 provide as follows: 'If any internal-revenue tax (* * * or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act [May 29, 1928]) shall not be considered as an overpayment under the provisions of section 607 [section 2607], relating to payments made after the expiration of the period of limitation on assessment and collection.'

"The facts of this case fall squarely within the language of the saving clause. Both the originally reported tax and the deficiency were assessed prior to June 2, 1924, and within the proper period of limitation. The application of the credits constituted payment after the bar of the statute and before the enactment of section 611, 26 USCA § 2611. Collection of the tax was stayed without bond after the filing of the claim in abatement pending the determination of the appeal.

"The validity of section 611 has been sustained and its relationship to section 607 (26 USCA § 2607) has been passed upon by

the Supreme Court in Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415. It was there held that the saving effect of section 611 applied equally to voluntary and involuntary payments. I believe that the application of credits arising from the overpayment of taxes for other years and collections by distraint are alike involuntary and fall within the same rule of law. Without going into the history of section 611 as related in the decision or a comparison of the details of this case with the decision, I find that the case of Graham & Foster v. Goodcell, supra, is authority for the conclusion that the government is relieved of the necessity of repaying the amount of the credits applied on the balance of the 1918 tax even though the tax was barred at the time of the payments.

■ "The question of the effect of the decision of the Board of Tax Appeals in this case, which has become final, on the conclusion stated must be considered. The question of application of credits to the liability was not before the Board. The only question passed upon was the bar of the statute of limitations, particularly with reference to the $9,000 deficiency. The Supreme Court in Gulf States Steel Co. v. U. S., 287 U. S. 32, 53 S. Ct. 69, 77 L. Ed. 150, in a suit on a bond given as a continuation of a bond for the payment of a tax prior to the running of the statute, held that a final decision of the Board of Tax Appeals that there was no deficiency because of the running of the statute of limitations did not abate the tax so as to be a defense to an action on the bond. The court in the interest of a rational and fair interpretation of the taxing statute as a whole, limited the scope of the Board's decision to a ruling that the collection was barred by the statute. Similarly I conclude in this case that the decision of the Board did not abate the tax so as to require the repayment of credits by the government which it was otherwise protected from having to repay by section 611.

■ "The defendant further contends that the credits were prohibited by section 274 (a) of the Revenue Act of 1926 (26 USCA § 1048). On the face of the statute that might seem to be true, but we are called upon to thread a maze of interreferences between various sections and subdivisions of the Act. The facts of this case come squarely within the provisions of subdivision (f) of section 283 of the same act [26 USCA § 1064 (f)] which makes certain other sections applicable which do not forbid any kind of collection as does section 274 (a). In fact, section 283 (i) [26 USCA § 1064 (i)] permits collection in cases falling under subdivision (f). It is true that no jeopardy notice was issued as provided by subdivision (i), but as to the 1921 overpayment, the notice of the refund with its designation of application to the 1918 deficiency was the practical equivalent of such notice.

"The plaintiff is accordingly not entitled to recover on its first cause of action.

■ "The second and third causes of action are upon accounts stated. The case of Bonwit Teller & Co. v. U. S., 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018, held that where there had been a notice of refund given to the taxpayer there was an account stated and the government was required to repay the amount of such refund after crediting it on a tax the collection of which was barred by the statute of limitations. This was modified by a ruling in the case of Daube v. U. S., 289 U. S. 367, 53 S. Ct. 597, 77 L. Ed. 1261, which limited the ruling in Bonwit Teller & Co. v. U. S. to cases where there was a clear communication to the taxpayer of the agreement to repay. As to the 1921 overpayment, the notice of refund contained a notice of its application to the 1918 taxes. Accordingly, there was no account stated for the repayment of the refund for 1921, and plaintiff may not recover on its second cause of action.

■ "As to the third cause of action, there was no notice of application of credits included in the notice of refund, and the cause therefore seems to fall within the rule of Bonwit Teller & Co. v. U. S., supra. However, a careful reading of that case discloses that the principle of account stated was relied upon to avoid the failure to comply with the statute of limitations as to claim for refund. The question as to the effect of section 611 of the Revenue Act of 1928 (26 USCA § 2611) as protecting the government from the necessity of repaying such a credit was not mentioned. Where it is not clear that the facts of that case brought it within the protection of section 611, or, if so, that the section had been called to the court's attention, I do not believe that the rule of that case requires the government to repay the amount of refund on the 1920 tax. The same reasoning, of course, applies to the second cause of action, but that falls so clearly within the exception of the Daube Case, that it alone is sufficient reason for denying recovery."

The case having been submitted on stipulated facts, no findings are necessary. I adopt this opinion as my conclusions of law.

Let judgment be entered for the defendant, with costs.