JoNES, Judge,
delivered the opinion of the court:
This is a suit for an amount which plaintiff alleges is due him as disability annuity payments for the period from July 1, 1928, to June 1, 1931, under the Civil Service Retirement Act of May 29, 1930, 46 Stat. 468, which provides for the making of such payments to certain Government employees in the event of their becoming totally disabled for useful and efficient, service.
The Veterans’ Administration[1] found that plaintiff became totally disabled as of June 1, 1931, for useful and efficient service as a letter carrier with the postal department. Since that time he has received annuity payments.
Plaintiff claims that he was totally disabled within the meaning of the statute from July'l, 1928, and that payments should have commenced as of that date.
Plaintiff entered Government service as a letter carrier at the Seattle, Washington, post office on July 1, 1904, and as such he remained on active duty there through June 30, 1928.
Between July 1, 1928, and August 13, 1929, he was on annual leave and accumulated sick leave with pay a portion of the time and on leave of absence without pay the re *419 maining part of that period; from August 14,1929, to June 9, 1932, he was on leave of absence without pay.
On September 18, 1929, plaintiff filed an application for disability annuity payments on the ground that he was totally disabled -for useful and efficient service as a letter carrier in the postal service. He ascribed his disability to a nervous breakdown due to influenza and infected teeth and tonsils.
On October 3, 1929, plaintiff was examined by a medical officer of the United States Veterans’ Bureau designated by the Commissioner of Pensions for that purpose, and found “not totally disabled for useful and efficient service as a city letter carrier.” The Commissioner of Pensions denied plaintiff’s application on October 22, 1929. Plaintiff appealed to the Secretary of the Interior, who affirmed the action of the Commissioner of Pensions on December 5, 1929. A motion for reconsideration was overruled January 22, 1930. Plaintiff was advised of the decision by letter on May 19, 1931, in which he was informed that he was at liberty, if he cared to do so, to file any evidence he desired with a view to reopening the claim.
Instead of requesting that the original claim be reopened, plaintiff on June 13, 1931, filed a new claim for retirement based on disability alleged to have commenced on July 20, 1928, as the result of post-influenzal encephalitis lethargiea, neuritis, rheumatism, constipation, and secondary anemia.
The designated medical officer examined plaintiff on July 14, 1931, and he was again found not totally disabled for useful and efficient service as a city letter carrier. Only a part of the medical officer’s findings as a result of this examination are in evidence in the case. The following appeared from the report of the X-ray examination of the spine made on that date:
There is wedging of the body on the 9th dorsal vertebra and some decrease in density. The inter-vertebral spaces are clear, the ¿djacent fracture narrowing the body to about two-thirds of its normal width.
The second application was denied on October 14, 1931. An appeal was taken and the decision affirmed on March. 4, 1932.
*420 In April 1932 the plaintiff was examined by physicians who were members of the staff of an orthopedic clinic in Seattle, Washington. They reported that the spinal X-ray examination made at that time showed “a definite destructive process affecting the dorsal spine and the character of the construction of the vertebra.” The diagnosis was tuberculosis of the spine, and the examining physician was of the opinion that it was a considerably advanced condition.
This clinical report was submitted to the Veterans’ Administration on April 11, 1932, and the claim was reopened April 23, 1932. An official examination was made on May 20,1932, and the claim was allowed June 2,1932, to be effective as of June 1, 1931.
Plaintiff appealed this action to the Board of Appeals of the Veterans’ Administration because it had not fixed an earlier effective d'ate for the finding of total disability.
The Board of Appeals after reviewing the evidence in both applications- made the following finding:
The evidence filed since the last decision, considered in connection with the official examination made May 20, 1932, shows • undoubtedly that the employee was totally disabled from the date of filing the last claim, June 13, 1931. It is not shown, however, by any evidence that there was a total disability for useful and efficient service from the date of filing the original claim.
Since June 1, 1931, plaintiff has been receiving total disability annuity payments.
If this case were before us as a matter of first impression without any previous determination by the Board of Appeals or head of the administrative department, we might be inclined to fix the date of total • disability somewhat earlier than it has been fixed by the administrative authorities. However, this is not the question with which we are faced. The wording of the statute and the various amendments thereto shows that the primary determination, of the facts in respect to cases of this kind was placed in the hands, of the administrative authorities, who were provided with *421 a staff including trained medical experts rather than being left to exercise the unaided judgment of laymen.
In 1920 the Congress provided a complete administrative plan for the retirement of Civil Service employees (41 Stat. 614). Included in this was a provision for annuity payments for disability. The act was amended from time to time, eligibility was determined, classes were fixed and deductions from salaries stipulated. Upon receipt of satisfactory evidence the Commissioner of Pensions ['was to adjudicate the claims of applicants, and if the right to an annuity were established, he was to issue a proper certificate.
The act provided that for the purpose of administration the Commissioner of Pensions was authorized and directed to perform or cause to be performed any and all acts and make such rules and regulations as might be necessary and proper for carrying the provisions of the act into .full force and effect. Provision was made for an appeal to the Secretary of the Interior from the final action or order of the Commissioner of Pensions. The act provided for examination by physicians and surgeons to be designated by the Commissioner of Pensions in order that the applicant’s disability, if any, might be determined.
Section 6 of the amendatory act of May 29, 1930 (46 Stat. 468, 473) provides that
* * * No employee shall be retired under the provisions of this section unless examined by a medical officer of the United States, or a duly qualified physician or surgeon, or board of physicians or surgeons, designated by the Commissioner of Pensions for that purpose, and found to be disabled in the degree and in the manner specified herein.
The Congress provided for an administrative agency especially trained and equipped for handling these matters. It lodged the determination in the hands of the administrative officers. It made no specific provision for appeal to the courts.
The courts apparently have had some difficulty in determining whether under the terms of the act there is any *422 right of appeal by the applicant to the courts and if so what the extent of such jurisdiction is.
In the case of United States v. Dismuke, 76 F. (2d) 715, the Circuit Court of Appeals for the Fifth Circuit held that the retirement statutes made the decision of the administrative authority final and conclusive without any review whatever by the courts. In that case an applicant sought retirement annuity under the Civil Service Retirement Act based on a 30-year period of service. His claim had been rejected by the Veterans-’ Administration on the ground that his employment as a field deputy United States marshal, which applicant claimed as a part of his 30 years’ service, could not be included because field deputy marshals at the time in question were employes of the marshal appointing them and not of the United States. There was no dispute as to the facts as they had been stipulated. Holding that the courts had no right of review in such a case the Circuit Court dismissed the case. Certiorari was granted and the Supreme Court, 297 U. S. 167, 173, while affirming the case on a somewhat different basis, discusses the question of the jurisdiction of the courts to review administrative determinations in cases of this kind. The Supreme Court said:
The decisions of the Director of Insurance and the Board of Veterans’ Appeals, and the stipulation of facts upon which the case was tried, show that the petitioner’s claim for an annuity based on thirty years’ service was rejected on the sole ground that his employment as a field deputy United States marshal could not be counted as service as an employee of the United States. The administrative decision thus turned upon a question of law, whether a field deputy marshal during the period from December 16, 1895 to December 30, 1902, was an employee of the United States. The administrative determination of that question is open to review in the present suit, and should have been considered and decided by the court below.
The court further says, at pages 171 and 172:
The United States is not, by the creation of claims against itself, bound to provide a remedy in the courts. It may withhold all remedy or it may provide an ad *423 ministrative remedy and make it exclusive, however mistaken its exercise. See United States v. Babcock, 250 U. S. 328. But, in the absence of compelling language, resort to the courts to assert a right which the statute creates will be deemed to be curtailed only so far as authority to decide is given to the administrative officer. If the statutory benefit is to be allowed only in his discretion, the courts will not substitute their discretion for his. [Citing cases.] If he is authorized to determine questions of fact his decision must be accepted unless he exceeds his authority by making a determination which is arbitrary or capricious or unsupported by evidence [citing cases], or by failing to follow a procedure which satisfies elementary standards of fairness and reasonableness essential to the due conduct of the proceeding which Congress has authorized, Lloyd Sabaudo Societa v. Elting, 287 U. S. 329, 330, 331. * * *
The Commissioner is required by § 13, “upon receipt of satisfactory evidence” of the character specified, “to adjudicate the claim.” This does not authorize denial of a claim if the undisputed facts establish its validity as a matter of law, or preclude the courts from ascertaining whether the conceded facts do so establish it.
While some of the language quoted was probably meant by the court to be dicta, it was a very helpful discussion and serves to clarify the question presented in this case. It also holds specifically that the retirement act authorizes 1 he commissioner “to adjudicate the claim” which had arisen under it. In order, therefore, to set aside the decision of the administrative agency pursuant to the discretion lodged in it, it would be necessary for us, in conformity with the restrictive limits set out in the Disnmke case, supra, to find either that the administrative officers who were authorized to determine questions of fact, exceeded their authority by making a determination which was arbitrary or capricious or unsupported by evidence, or that they failed to follow a procedure which satisfied elementary standards of fairness and reasonableness essential to the due conduct of the proceeding which Congress has authorized.[2]
*424 In the disputed facts of this case we are not able to say that the action was arbitrary or capricious. We cannot say that it is unsupported by evidence. The medical testimony was in disagreement, and no one of the examining physicians undertook to fix the exact date when total disability commenced. We cannot, therefore, say- that the decision which dated total disability one year earlier than the actual date of the determination was unsupported by evidence. Nor can we say that the procedure failed to satisfy elementary standards of fairness and reasonableness.
The basis of retirement for disability is set out in specific 'terms in section 6' of the act. The question of whether there is total disability in a given case is largely a question of fact. At the most it is a mixed question of law and fact. Whitcomb v. White, 214 U. S. 15; Bates & Guild Co. v. Payne, 194 U. S. 106. The date when total disability began is a question of fact. Sprencel v. United States, supra; Robinson v. United States, 87 F. (2d) 843.
In the light of the decision referred to and for the reasons stated, the case should be dismissed. It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.

 Until 1930 the Retirement Act was administered by the Bureau of Pensions under the direction of the Secretary of the Interior. By Executive Order of July 21, 1930, pursuant to Section 1 of the act of July 3, 1930, 46 Stat. 1016, the functions of the Bureau of Pensions were transferred to the Veterans* Administration. By executive Orders No. 6670 and 6731, dated, respectively, April 7, 1934, and June 5, 1934, under Section 16 of act of March 3, 1933, 47 Stat. 1517, and Order of the Civil Service Commission dated August 24, 1934, the administration of the Civil Service Retirement Act was transferred from the Veterans* Administration to the Civil Service Commission, effective as of September 1, 1934.

 As to construction of similar statutes see Silberschein v. United States, 266 U. S. 221; United States v. Williams, 278 U. S. 255; Perkins v. Lukens Steel Co., 310 U. S. 113 ; Sprencel v. United States, 47 F. (2d) 501.