Madden, Judge,
delivered the opinion of the court:
Plaintiff was a Civil Service employee of the Government from October 1, 1917, until he retired on September 30, 1939. An act making provision for a retirement allowance, or annuity, for such employees, became effective in 1920.[1] The amount of one’s annuity depended in part upon the' number of years of his service. Betirement at the age of 70 was compulsory, except under circumstances not here present.
The Civil Service Commission issued to plaintiff, upon his retirement, a certificate which computed plaintiff’s annuity at $682.80 per year, which amount was based on the Commission’s finding that plaintiff was born on September 28, 1864, and had reached the age of seventy in 1934, five years before his actual retirement in 1939. The Commission treated his five years of service from 1934 to 1939 as being only de facto service, which he had rendered and for which he had been paid, after he should have been retired, but which did not increase his years of proper service nor the amount of his annuity under the Betirement Act. In short, he Avas given, upon his retirement in 1939, the same annuity that he would have been given if he had retired in 1934, the year in which, the Commission found, he reached the age of 70 and should have retired.
Plaintiff claims that the Commission’s findings as to his age and date of birth were wrong; that he was born on *604 September 28, 1869, and hence did not reach the age of 70 until September 28, 1939; and that all of his service down to that date should have counted to increase his years of service and the amount of his annuity under the Eetirement Act. The Government concedes that, if plaintiff’s age had been found by the Commission to be as plaintiff contends, his annuity would have been $927.96, instead of the $682.80 which he is receiving.
Our first task is to determine whether we are to decide the question of plaintiff’s age, or, on the other hand, are to decide whether the Civil Service Commission’s determination of plaintiff’s age is sufficiently supported by evidence and reason to be immune from judicial reversal. We think the latter is our role in this controversy.
The Civil Service Eetirement Act contains, inter alia, the following provisions:
For the purpose of administration, except as otherwise provided herein, the Civil Service Commission is hereby authorized and directed to perform, or cause to be performed, any and all acts and to make such rules and regulations as may be necessary and proper for the purpose of carrying the provisions of this chapter into full force and effect.[2]
*****
Upon receipt of satisfactory evidence the Civil Service Commission shall forthwith adjudicate the claim of the applicant, and if title to annuity be established, a proper certificate shall be issued to the annuitant.[3]
These provisions lodge the power of adjudication in the Commission. There is no legislation expressly authorizing judicial review of the Commission’s decision. Plaintiff sues under our general jurisdiction over claims founded upon a law of Congress, the Civil Service Eetirement Act. That Act does provide that a Civil Service employee shall have a specified annuity under specified conditions. But it also provides, in the section .quoted above, that at least the initial power of adjudication as to whether those conditions *605 have been fulfilled shall be in the Civil Service Commission. In that situation, the ordinary doctrines relating to judicial review of administrative adjudication are applicable. In Dismuke v. United States, 297 U. S. 167, the Supreme Court of the United States held, against the contention of the Government, that a claimant under the Retirement Act had a right to maintain a suit under the Tucker Act to review questions of law decided by the administrative officer, in that case the Commissioner of Pensions. As to judicial review of questions of fact, the court said:
If he is authorized to determine questions of fact his decision must be accepted unless he exceeds his authority by making a determination which is arbitrary or capricious or unsupported by evidence, see Silberschein v. United States, 266 U. S. 221, 225; United States v. Williams, 278 U. S. 255, 257, 258; Meadows v. United States, 281 U. S. 271, 274; Degge v. Hitchcock, 229 U. S. 162, 171; or by failing to follow a procedure which satisfies elementary standards of fairness and reasonableness essential to the due conduct of the proceeding which Congress has authorized, Lloyd Sabaudo Societa v. Elting, 287 U. S. 329, 330, 331.
This statement is in accord with the decisions of the Supreme Court as to the scope of judicial review of decisions of administrative and quasi judicial boards and commissions. Washington Coach Co. v. Labor Board, 301 U. S. 142, and cases there cited; Labor Board v. Nevada Coffer Co., 316 U. S. 105. Under those decisions, the reviewing court does not make a new and independent determination of the facts. It only examines the record which the administrative body had before it, to ascertain whether there was substantial evidence to support the findings made by that body, or whether there was some denial of a fair hearing. We see no reason why our review of the findings of the Civil Service Commission, which has been entrusted by Congress with the task of making the initial determination of the facts, should be different. We therefore examine the evidence and the proceedings before the Civil Service Commission, but only for the purpose of ascertaining whether that body had before it substantial *606 evidence to support its determination, that the date of plaintiff’s birth was September 28, 1864.
The evidence on which the Commission had to act was meager. There was no birth certificate, no family Bible, no marriage license or certificate, no school record, no work record, no life insurance data. There was nothing except several written statements and one oral statement made by plaintiff himself, most of them relating to his employment by the Government. The first of these was made May 28, 1917, at which time plaintiff would have been 47 years old, according to his contention, and 52 years old, according to the Civil Service Commission’s finding made in 1939. That statement was made in plaintiff’s application to take a Civil Service examination. He stated that he was born on September 28,1868, and that his “age on last birthday” was 48. All his later statements were inconsistent with this one. Plaintiff’s explanation that he was confused by the number of times the figure 8 appeared is not satisfactory because two of the three appearances of the figure 8 were wrong, according to all of his later statements and contentions. In 1918 and 1919 plaintiff filled out personal history forms for government employment records, giving September 28, 1869, as the date of his birth. These statements were made before the Retirement Act was passed in 1920. An application made in 1927 for membership in the Washington Board of Trade, an oral statement made on admission to a hospital for an appendectomy in 1933, and a written statement designating a beneficiary, made to the Civil Service Commission in 1935 all gave the date of birth as 1869, or an age consistent with that date of birth.
The Civil Service Commission, in accordance with its customary procedure in ascertaining the date of a Government employee’s birth, in the absence of other records such as are frequently available, sought information from the Bureau of the Census. The earliest census from which information was supplied was that of 1900. That census listed one Edwin M. Bailey as born in New York in September 1864, as having a wife whose name was Mary C., as residing at 834 I St. NE., Washington, D. C. Aside from *607 the question of the date of birth, this information fitted plaintiff exactly, except that the last name, Bailey, was spelled in the way that names sounding like plaintiff’s are nearly always spelled, and except that plaintiff lived, not on “I” Street but on “11” Street NE. and now thinks that he lived at 831 and not 834. The Bureau of the Census informed the Civil Service Commission that other persons, listed by the census enumerator as living at 832 and 834 “I” Street NE. were shown by city directories of about the same time as living at those numbers on 11 Street, on which street plaintiff lived. In these circumstances it was natural for the Commission to take the 1900 census data as applying to plaintiff, and to regard the statement of the date of his birth as important evidence. The census of 1910 gave plaintiff’s name and address correctly, and his age as 45, which was consistent with the September 1864, date of birth given in the 1900 census. The 1920 census showed plaintiff’s age as 57, and no one urges the correctness of that.
The Civil Service Commission could reasonably have concluded that the census information which, so far as appeared, must have been given by plaintiff or his wife, in 1900, when plaintiff was still relatively young and would have had no unfortunate experience in seeking employment or otherwise which would have made him conscious of the problem of age, was more dependable than statements made eighteen years and more later when plaintiff was, at least, nearly fifty years old. The census of 1910 gave support to the census of 1900 in regard to plaintiff’s age.
The Civil Service Commission and its agents have, no doubt, acquired by study and experience an expertness in the'resolution of these problems which we do not have. The Commission’s deductions from evidence such as it had before it when it passed on plaintiff’s application for retirement, should not, in the circumstances here present, be disturbed.
Plaintiff’s petition will be dismissed. It is so ordered.
WhitakeR, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
JoNES, Judge, took no part in the decision of this case.

 41 Stat. 614.

 5 U. S. C. Sec. 709; 41 Stat. 616, 44 Stat. 913, 46 Stat. 478, 46 Stat. 1016, Ex. Ord. 6670, April 7, 1934.

 5 U. S. C. Sec. 717; 41 Stat. 618, 44 Stat. 912, 46 Stat. 477, 46 Stat. 1016, Ex. Ord. 6670, April 7, 1934.