## CARLIN v. UNITED STATES.
### No. 49489.

United States Court of Claims.
Oct. 2, 1951.

452

Paul R. Harmel, Washington, D. C., Irwin Geiger, Washington, D. C., on the brief, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The plaintiff, a Reserve Army officer, sues to recover disability retirement pay of a Major, U. S. Army, from and after July 28, 1945, on the ground that he was certified by the Secretary of War to the Veterans' Administration for disability retirement pay, which certification was subsequently revoked. Plaintiff contends the certification by the Secretary of War exhausted his power with respect to plaintiff's status, and constituted a final order; hence, all subsequent proceedings were void. Defendant insists that the Secretary of War's decision in such matters is not final, and not subject to judicial review; furthermore, plaintiff's petition is an attempt to take the administration of Reserve officers' retirement pay into the courts, thereby usurping the power of the executive department to which such matters have been entrusted by Congress. Defendant also asserts a counterclaim for unpaid income taxes for the year 1944, which amount plaintiff claims was abated by the Collector in 1947, and is now barred by limitations.

Plaintiff enlisted in the Army in World War I and served on active duty from May 14, 1917, until June 30, 1919, when he was discharged in the rank of Captain.

On September 8, 1938, plaintiff, fearful that he might be suffering from diabetes mellitus, entered Mt. Alto Veterans' Hospital, Washington, D. C., for a physical checkup. He was advised that he did not have diabetes at that time, but that he did represent a *potential* diabetic. Subsequently, on October 9, 1940, plaintiff again entered Mt. Alto, and at this time he was found to have a slight reduction in his tolerance for sugar. His condition was diagnosed as diabetes, and he was advised to reduce his consumption of carbohydrates.

In February 1942, plaintiff underwent a physical examination at an Army dispensary in Baltimore, Maryland, as a preliminary to his being appointed a Captain in the Army Air Forces, Army of the United States on April 10, 1942. In September of 1942 he was promoted to the rank of Major. Thereafter he served in this country and overseas until April 30, 1945, at which time he was admitted to the Army Regional Hospital at Fort Jay, New York. Plaintiff appeared before a disposition board at this hospital on May 10, 1945, and was found to be totally disabled for military service by reason of diabetes mellitus, incurred in line of duty. This board recommended that plaintiff appear before a retiring board.

An Army Retiring Board was convened at Fort Jay on June 11, 1945, to hear plaintiff's case and, after hearing testimony, entered findings that plaintiff was suffering from diabetes mellitus, moderate, which permanently incapacitated him, and that the incapacity was an incident of the service. These findings were approved by the Adjutant General, acting for the Secretary of War, on July 28, 1945, and on August 2, 1945, plaintiff was officially certified to the Veterans' Administration to receive retirement pay in the amount of $196.87 monthly, effective from July 28, 1945.

This certification was revoked by the Adjutant General on September 14, 1945, and plaintiff was notified that his records were being returned to the Army Retiring Board for further hearings in view of additional evidence composed of the Veterans' Admintration medical reports of 1938 and 1940. On October 11, 1945, the reconvened Army Retiring Board, after considering these reports, reversed its prior findings, and entered new findings that plaintiff was permanently incapacitated for active service, but *not* as an incident of the service, the incapacity having arisen prior to plaintiff's entry on active duty in 1942.

These findings were approved by the Adjutant General, acting for the Secretary of War, on November 27, 1945, and plaintiff's certification to the Veterans' Administration was permanently rescinded. Thereafter plaintiff appealed to the Army Disability Review Board which entered findings on November 17, 1947, affirming the findings of the reconvened Board that the disability was not service-connected.

■■ It is insisted by defendant that an order of the Secretary of War certifying a Reserve officer to the Veterans' Administration for retirement pay is not a final order and can thereafter be revoked. We have considered the problem at length in Spencer v. United States, Ct.Cl., 100 F. Supp. 444, and have reached the conclusion that such orders are final under Army Regulations, and can be reopened only upon a showing of fraud, substantial new evidence, mistake of law, or mathematical miscalculation. Plaintiff did not conceal the contents of the Veterans' Administration medical reports of 1938 and 1940 from the officers examining him for the purpose of his appearance before the Army Retiring Board of June 11, 1945. The testimony of the Medical officer before the reconvened Army Retiring Board on October 11, 1945, clearly establishes that plaintiff specifically referred to the Veterans' Administration reports during the course of his examination in connection with his initial retirement proceedings. It therefore appears that the fact of the Veterans' Administration examinations was before the first Retiring Board, but that little weight was given to them. The most that can be said for the action of the reconvened Retiring Board was that it gave considerably more weight to these reports and accordingly, arrived at a contrary conclusion with respect to the origin of plaintiff's disability. This conclusion was not based on newly discovered evidence nor was there any suggestion of concealment or fraud on the part of plaintiff. As the United States Supreme Court held in Potts v. United States, 125 U.S. 173, 8 S.Ct. 830, 31 L.Ed. 661; United States v. Burchard, 125 U.S. 176, 8 S.Ct. 832, 31 L.Ed. 662, and as this court held in McBlair v. United States, 19 Ct.Cl. 528, the findings of a Retiring Board, once approved by the Secretary of War, cannot be changed because of a mere revaluation of the existing evidence. Inasmuch as the Veterans' Administration medical reports contained no new evidence of a substantial nature which had not already been considered during the course of the first Retiring Board proceedings, the first order of the Secretary of War was final.

Our decision that the first order of the Secretary of War was final makes it unnecessary for us to consider plaintiff's contention that the presumptions of service aggravation of a disability created by Army Regulations (finding 25), were disregarded during the proceedings of the reconvened Army Retiring Board. In the circumstances disclosed by the record these proceedings were without authority in law.

■ There does remain to be considered the contention of the Government that this court is without jurisdiction to review a retirement pay order of the Secretary of War, and consequently plaintiff's petition is an attempt to take retirement pay proceedings out of the hands of the executive department to which it had been entrusted by Congress. However, it seems that the Government would have us disregard the fact that we have considered claims for retirement pay over a long period of time. Lemly v. United States, 75 F.Supp. 248, 109 Ct.Cl. 760, 763; Cook v. United States, 101 Ct.Cl. 782; Blackett v. United States, 81 Ct.Cl. 884; Rudd v. United States, 71 Ct. Cl. 432. Also, this court is available to grant relief to the party aggrieved by the action of an executive or administrative officer which is arbitrary or capricious. Bayly v. United States, 99 Ct.Cl. 598; Byrne v. United States, 97 Ct.Cl. 412. The Supreme Court has long recognized the right of courts to review such arbitrary action. Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561; Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256; American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S. Ct. 33, 47 L.Ed. 90. In Garfield v. United States ex rel. Goldsby, 211 U.S. 249, 29 S. Ct. 62, 66, 53 L.Ed. 168, the Supreme Court, in discussing certain unauthorized action by the Secretary of the Interior stated that:

"* * * there is no place in our constitutional system for the exercise of arbitrary power, and, if the Secretary has exceeded the authority conferred upon him by law, then there is power in the courts to restore the status of the parties aggrieved by such unwarranted action."

When the Adjutant General, acting for the Secretary of War, revoked plaintiff's certification to the Veterans' Administration and ordered the retirement proceeding reopened, without having before him new evidence of any substantial probative value, or evidence of fraud, he exceeded his authority, and, as a result, plaintiff must look to us for relief.

We conclude that plaintiff is entitled to recover retirement pay from and after July 28, 1945. Judgment will be entered in his favor, subject to the amount which may be set off against it under defendant's counterclaim.

### Counterclaim of Defendant

On February 20, 1945, plaintiff filed his income-tax return for the year 1944 with the Collector in Baltimore, Maryland, and attached to the return a formal application for a deferment of payment of the $155.23 due, for a period not exceeding 6 months after the termination of his military service, in accordance with § 513 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, 1190, 50 U.S.C.A.Appendix, § 573. On September 20, 1945, the application for deferment was denied and a notice to this effect was sent to the Washington address listed by plaintiff on his return and on his request for a deferment. However, by this time plaintiff had moved to California, and the notice was not forwarded to him.

Thereafter on October 10, 1945, the plaintiff's unpaid tax was assessed by the Commissioner of Internal Revenue by posting it on an assessment certificate, Form 23C. Subsequently an attempt was made to collect this liability by issuing a warrant of distraint. This attempt proved futile and on October 27, 1947, the tax was abated by the Collector by eliminating it from Form 23C. The assessment continued to be carried on the original assessment list, Form 23A, until the time defendant filed this counterclaim.

■ Plaintiff maintains that he received no notice as to what action was taken on his application for deferment, nor any notice that the tax was assessed, hence, the assessment was invalid, and the statutory period of 3 years within which to make an assessment has long since run. 26 U.S.C.A. § 275(a). The findings clearly indicate that notices of both these actions were mailed to plaintiff at the address listed by him (finding 29). When there has been no communication of a change in address, notice sent to the last-known address is sufficient notice in law.

■ Plaintiff also insists that his unpaid tax was abated for all purposes when the Collector removed it from the assessment certificate, Form 23C. The effect of such an abatement by the Collector has been explained in a decision of this court, Kroyer v. United States, 55 F.2d 495, 499, 73 Ct. Cl. 591, where Judge Green said: "It should also be noted in this connection that, while the word 'abatement' usually refers to a cancellation or an annulment of a tax or assessment which has been changed on application of the taxpayer, the particular abatement in this case was an altogether different matter. It was a claim filed by the collector on form 53 to abate an uncollectable tax, so far as the collector was concerned. This form of abatement of claim is used by collectors for the purpose of clearing their books of a tax which they have determined to be uncollectable, and for the purpose of advising the bureau of this condition. It does not cancel or annul the tax, but, on the contrary, the Treasury Regulations provide, in substance, that the obligation to pay the tax still remains upon the person assessed, and it is the collector's duty to use diligence to collect it if opportunity arises." Cf. Pioneer Rubber Mills v. United States, D. C., 10 F.Supp. 317.

■ Abatement by the Collector and abatement by the Commissioner must be distinguished. Mertens, Law of Federal Income Taxation, §§ 49.120, 49.177. If the Commissioner abates the assessment, it ceases to exist or to have any effect there-

after. The Commissioner cannot subsequently rescind his actions or restore the assessment, but must rather make a new assessment unless, of course, the statute of limitations has previously expired. C. E. McCutchen, 16 B. T. A. 569; Carney Coal Co., 10 B. T. A. 1397. However, the Commissioner has been held not to have authority to relieve a taxpayer of liability for a lawfully assessed tax merely because it is uncollectible. Sugar Run Coal Mining Co. v. United States, D.C., 21 F.Supp. 10. He can only permit the Collector to abate it as a bookkeeping entry, as described in the Kroyer case, supra.

Therefore when the Collector in Baltimore abated plaintiff's assessment, plaintiff was not relieved of his obligation to pay the $155.23, provided suit were commenced to enforce it within 6 years after the assessment was posted. 26 U.S.C.A. § 276 (c). This counterclaim was filed within the statutory period, and therefore the Government is entitled to recover the full amount of its counterclaim with interest as provided by law. Pursuant to the stipulation of the parties, the entry of judgment upon plaintiff's claim and defendant's counterclaim is suspended pending the filing of a computation by the Government Accounting Office of the exact amounts due each party. It is so ordered.

JONES, Chief Judge, and HOWELL, Judge, concur.

MADDEN and WHITAKER, Judges, dissent.