before that Board that he was entitled to a disability rating of 100%. But the Appeal Board affirmed the 40% rating of the Review Council, and its decision was approved by the Secretary of the Navy on May 1, 1951.

In this suit the plaintiff asserts that the administrative determination was contrary to the statutes and was capricious and arbitrary. He relies heavily upon the fact that the Veterans' Administration on August 11, 1949, determined that from the time of the termination of the plaintiff's active service in 1941, he had been totally disabled and entitled to a waiver of the premium on his National Service Life Insurance. The Government's response is that the Veterans' Administration never examined the plaintiff for pension purposes, and therefore never made a determination of percentage of disability; that its decision to waive premiums on a life insurance policy did not, in fact, involve the application of the same standards as those used for determining the right to a pension. We have no doubt that the Veterans' Administration itself would not make the same kind of thorough study of a case when all that was at stake was the waiver of life insurance premiums as it would make if the determination involved the right to a pension.

 Section 402(a) (3) of the Career Compensation Act provides that the percentage of disability shall be determined in accordance with the standard schedule of rating disabilities in current use by the Veterans' Administration. But the determination is to be made by the Secretary, or by those to whom he delegates the task, and not by the Veterans' Administration. If the Veterans' Administration schedule provided for a certain percentage of disability for the loss of an arm or a leg, there would, of course, be no room for a departure by the Secretary from that percentage. But where, as in the plaintiff's case, heart disease and asthma are involved, the percentage is a matter of degree. The Veterans' Administration schedule, given in our finding 14, shows four different percentages of disability for each of these diseases. For the purposes of the Career Compensation Act, it was for the Secretary and his doctors, and not for the Veterans' Administration and its doctors, to decide the degree of the plaintiff's afflictions. There is no evidence that the decision was not conscientiously made by those to whom Congress entrusted its making.

The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.

Edwin Buell **CONSTANTINE**, Jr.,
v.
The **UNITED STATES.**
No. 50430.

United States Court of Claims.
May 3, 1955.

Abraham B. Hertz, New York City, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This is a suit by a permanent lieutenant in the United States Naval Reserve to recover retired pay. He bases his claim on a finding of a Board of Medical Survey of the United States Navy on July 17, 1945, which found that he was unfit for service by reason of "psychoneurosis, anxiety," and that his condition was incurred in line of duty, and recommended that he be ordered before a Naval Retiring Board.

This recommendation, however, was disapproved by the chief of the Navy Bureau of Medicine and Surgery on July 24, 1945, who recommended that the matter be referred to another Board of Medical Survey for reconsideration. It was referred to another board, and this board recommended that plaintiff be placed on an inactive status in the Naval Reserve. On September 7, 1945, plaintiff was released from active duty.

Prior to the expiration of his annual leave he appealed to the Naval Medical Survey Review Board, which affirmed the findings of the Board of Medical Survey. He then applied to the Board for Correction of Naval Records. This Board recommended that the President withdraw his previous approval of the decision of the Naval Medical Survey Review Board and that plaintiff be authorized to appear before a Physical Evaluation Board "for the purpose of determining his eligibility for disability pay or compensation." This was done and this Board found that plaintiff was "fit to perform the duties of his rank as of the date of his return to inactive duty," and that he was "not permanently disabled for active service at the time of his release from active duty." The Physical Review Council affirmed this finding and the Secretary of the Navy approved it, and plaintiff was placed on the inactive list.

It is well settled that plaintiff is not entitled as a matter of right to go before a Naval Retiring Board. His case may be referred to such a board or not, in the discretion of the President. A Board of Medical Survey is merely an instrumentality within the executive department whose function it is to advise the Secretary of the Navy on whether or not an officer should be sent before a Naval Retiring Board. Its recommendation, however, is of course not binding on the Secretary of the Navy. It is within his discretion, subject to appeal

to the President, to determine whether or not an officer should be sent before a Naval Retiring Board. The Secretary of the Navy concluded that this officer should not be; he was fully supported by the findings of the various boards in the Navy Department; his action has been approved by the President; and this is the end of the matter.

The Supreme Court in the case of Denby v. Berry, 263 U.S. 29, 44 S.Ct. 74, 68 L.Ed. 148, went into this question fully. The opinion we have expressed above is in accord with the opinion of the Supreme Court.

Our opinion in Carlin v. United States, 100 F.Supp. 451, 121 Ct.Cl. 643, is not in conflict with this opinion. Plaintiff in that case had been before an Army Retiring Board, which found that he was entitled to retirement, and the Board's findings had been approved by the Secretary of War. This is not the case here.

Plaintiff's petition will be dismissed.

JONES, Chief Judge and LARAMORE, MADDEN, LITTLETON, JJ., concur.