MaddeN, Judge,
delivered the opinion of the court:
The events giving rise to this litigation are recited in our findings and will not be repeated here at length, but a summary of them will be given. The plaintiff, a member of the Officers’ Reserve Corps of the Army of the United States since 1929, entered on active duty in 1940, served in the war, and was promoted through various grades until he was made a Colonel on December 7,1944. He was released from active duty on January 24, 1946, and was given a permanent commission as Colonel in the Officers’ Reserve Corps on August 19,1946.
On February 28, 1946, the plaintiff filed an application for appointment as a commissioned officer in the Regular Army of the United States. On June 28, 1946, he was *424 tendered such a commission as Captain. On June 30 he notified the Adjutant General that he could not accept the appointment before February 1947 and asked that he be appointed at that time, or that, if that could not be done, his application should remain effective for a later appointment. He was advised that his request to have his appointment delayed till February could not be granted.
On November 15, 1946, the plaintiff again filed an application for appointment as an officer in the Kegular Army, asking that his appointment be delayed to June 1947. On June 19,1947, the Adjutant General wrote the plaintiff that he had been appointed as Captain.
On September 25 the plaintiff requested that he be granted a delay in executing the oath of office until November 1, 1947. On November 19, he wrote, declining the appointment. About November 29 he talked to an officer in the personnel office of the Adjutant General’s Office who told him that he could still file his oath of office. He executed the oath and sent it in on November 29.. On December 31, 1947, he was assigned to the Infantry School, Fort Benning, Georgia, to report February 12, 1948. A letter appointing the plaintiff a Captain in the Kegular Army was forwarded to the plaintiff on January 5, 1948. It was signed by the Adjutant General, by order of the Secretary of War. On January 6 the plaintiff’s assignment to Fort Benning was changed and he was assigned to Adjutant General’s Office Casuals in Washington. On February 3, 1948, the plaintiff was sent his commission as Captain, the commission being signed
“By the President
“[S] Kobert P. Patterson,

“Secretary of War.”

On February 8, 1948, the plaintiff telegraphed the Adjutant General’s Office that he was forwarding his resignation, and stating that he had requested permission not to report for duty pending acceptance of his resignation. This permission was given him on February 11. On April 13, 1948, the Adjutant General by letter reminded the plaintiff that his resignation had not been received, and requested that it *425 be sent to reach the Adjutant General’s Office by April 27, or, if the resignation was not sent in, that the plaintiff comply with the orders which he had already received. The letter said that if the plaintiff submitted his resignation, it should be accompanied by a “final type physical examination which you may take at any Army medical installation having such facilities in New York.” On April 28 the plaintiff sent in his resignation but did not send in the requested report of a physical examination. On June 4,1948, the Adjutant General by letter requested the plaintiff to report to the nearest Army medical installation having such facilities in New York for his final type physical examination, and send the report to the Adjutant General’s Office. The letter said, “Kesignation is pending until receipt of such.”
On June 21 the plaintiff endorsed on the Adjutant General’s letter, “Will arrange for physical examination at Army Medical Installation as soon as practicable.” On July 13 the plaintiff suffered a heart attack and was sent by his private physician to a nearby Army dispensary. On July 14,1948, he was transferred to the Detachment of Patients, Fort Jay Station Hospital, Governors Island, New York. On July 18 he telegraphed the Adjutant General that he had not been able to complete his physical examination because of his hospitalization for the investigation of his heart. He added, “Eequest resignation be withdrawn.”
On July 23, 1948, the Adjutant General telegraphed to the Commanding Officer of the Fort Jay Hospital inquiring as to the plaintiff’s condition and requesting that officer to advise the plaintiff that if he desired to withdraw his tender of resignation it was necessary that he do so in writing to the Adjutant General over his signature; that if his physical examination showed him to be incapacitated “retirement instead of resignation will be considered.” On July 30 the plaintiff by letter requested withdrawal of his tender of resignation. On August 16 the Adjutant General by order of the Secretary of the Army, by letter advised the plaintiff:
Your request for withdrawal of your resignation has been approved by the Department and your letter has been made a part of your permanent record.
*426 On December 30, 1948, the Adjutant General sent a teletype message to the Commanding Officer at the Tilton General Hospital, Fort Dix, New Jersey, to which hospital the plaintiff seems to have been in the meantime transferred. The message referred to proceedings of an Army Retirement Board dated October 21 finding the plaintiff permanently incapacitated from active service as a result of an incident of service which occurred July 13, 1948. The message then recited some of the events which we have related and concluded that the plaintiff “is not now and never has been a member of the Regular Army,” and said he was entitled to no benefits. It advised the Commanding Officer of the hospital to show the plaintiff a copy of the message and “dispose of patient accordingly.” Presumably he was so disposed of.
The plaintiff has received no pay as an officer in the Regular Army. He has demanded such pay, and is here suing for it. He has performed no duties as an officer in the Regular Army unless his hospitalization amounted, in law, to the performance of duties. We discuss that question hereinafter.
We think that the plaintiff was, from November 29, 1947, the date on which he executed the oath of office, and continued through February 28, 1949, the last date for which compensation is claimed herein, an officer in the Regular Army of the United States. He was appointed to and commissioned in that office. His previous declination of an appointment is irrelevant, and his tender of his resignation, after he had been appointed and commissioned, is likewise irrelevant, since the resignation was withdrawn, with the express consent of the Govermnent, and, of course, was never accepted. The Government says that the plaintiff should receive no pay because he was never “able and willing to perform the duties of the office.” He is claiming no pay for the period for which he was granted leave without pay. As to the period of his hospitalization, Section 5 (b) of Army Regulation 600-115 provides that military personnel hospitalized while on leave revert to duty status as of the date of admission into a hospital. After his hospitalization, he was given no orders but was erroneously treated as never having *427 been in the Regular Army. It cannot be said, therefore, that the plaintiff was unwilling to perform the duties of his office. We do not consider the question whether, if he had been so unwilling, that would have forfeited his right to the pay of the office.
The plaintiff claims that his pay should be that of a Lieutenant Colonel. On January 5, 1948, the same day on which the plaintiff was sent the letter appointing him as captain in the Regular Army, there was issued paragraph 11, Special Orders No. 2, giving the plaintiff a temporary appointment effective November 29, 1947, as lieutenant colonel in the Army of the United States. By a letter of January 6 the Adjutant General called the plaintiff’s attention to these orders and asked him to execute the enclosed oath of office for that appointment. On March 3, 1948, the plaintiff was again requested to execute the oath of office of Lieutenant Colonel, Army of the United States. He had, as we have seen, advised the Army on February 8,1948, that he was forwarding his resignation. He therefore endorsed on the March 3 request that he execute the oath of office of Lieutenant Colonel the following:
On February 8 I informed P. and A. Division, A. G., that circumstances beyond my control made impossible my entering into the Army, and forwarded my resignation as of that date with request that I be reinstated in the Reserve Corps.
This endorsement was a declination of the tendered temporary appointment as Lieutenant Colonel. It was made, of course, because the plaintiff did not expect to be in active service in the Army in any capacity, having given notice of his intended resignation. On January 7,1949, paragraph 11 Special Orders No. 2 of January 5, 1948, appointing the plaintiff Lieutenant Colonel in the Army of the United States, was, so far as it related to the plaintiff, revoked.
We do not think that the plaintiff became a Lieutenant Colonel in the Army of the United States. The only action which he took in relation to this appointment was to decline it. The extraordinary series of events which left him with his commission as Captain in the Regular Army did not apply to the appointment as Lieutenant Colonel.
*428 The plaintiff is entitled to recover. The parties have requested that the computation of the amount of the judgment, based upon the proper pay and allowances including longevity of an officer of the rank which we have determined, should be left to the Comptroller General. The plaintiff will not be paid again for the three days for which he was paid for services in the Eeserve Corps on active training duty as shown in Finding 14. Entry of judgment will be deferred to await the result of the computation.
It is so ordered.
Howell, Judge; Whitaker, Judge; LittletoN, Judge; and Jones, Chief Judge, concur.
In accordance with the above opinion and upon a stipulation of the parties it was ordered March 6,1950, that judgment for the plaintiff be entered in the sum of $4,681.15.