Need, Justice (Ret.),
sitting by designation, delivered the opinion of the court:
Plaintiff, a former Captain in the United States Naval Reserve, sues to recover pay and allowances alleged to be due him under the provisions of section 4 of the Naval Aviation Personnel Act of 1940.[1] During 1949 and 1950 the plaintiff spent time in a military hospital for treatment of a back ailment ; he maintains that he was suffering from a sprain re- *470 suiting from an “injury” sustained while on active-duty training in July of 1949. If this was so, the Act provided that plaintiff was entitled to receive the same benefits as an officer “of the Regular Navy * * *” One of these benefits would be active-duty pay for the period of the officer’s hospitalization. See S. Rep. No. 213, 81st Cong., 2d Sess. 4, and H.R. Rep. No. 582, 81st Cong., 2d Sess. 2; cf. Schellhammer v. United States, 115 Ct. Cl. 409. On the other hand, if plaintiff’s ailment was the result of “disease” rather than “injury,” he was not entitled to these benefits even if he contracted the disease while on active duty.
Until January 6, 1950, plaintiff’s disability had been diagnosed as a sprain of the “lumbo-sacral” joint by the military doctors. Believing this to be accurate, the Judge Advocate General on May 11,1950, ruled that the plaintiff was entitled to active-duty pay for an injury. The Comptroller General of the United States concurred. At a later date, having become aware of a subsequent naval hospital diagnosis which indicated that plaintiff was suffering from osteoporosis, a bone disease, the Comptroller General reversed his earlier decision and found that plaintiff’s disability had been caused by the disease. The plaintiff, relying upon Carlin v. United States,[2] contends that the earlier decision must be treated as final. However, in Carlin, unlike the present case, military regulations specifically provided that the earlier administrative decision was to be final.
Prior to the date of plaintiff’s filing in this court, he had not sought relief from the Board for Correction of Naval Records which, by statute, is authorized to entertain such claims as that here presented. 10 U.S.C. § 1552. On February 7, 1962, we entered an order suspending action for thirty days to permit plaintiff to apply to the Board. The Board denied his application, finding that it was not filed within three years after plaintiff discovered the error nor before October 26, 1961, and that it was not “in the interest of justice” to excuse his untimely filing.
If plaintiff had voluntarily resorted to the Board, the only question before us would be whether the Board’s decision was arbitrary, capricious, or contrary to law. Our order of *471 February 7, 1962, suggested that plaintiff seek relief from the Board. It provided in material part:
“It is ordered, that further action in this case be suspended thirty (30) days from the date hereof in order to afford plaintiff opportunity to file an application for the correction of his records with the Board of (sic) Correction of Naval Records.”
In view of the court’s recent decision in Lipp v. United States, ante, p. 197, cert, denied 373 U.S. 932, exhaustion of the remedy supplied by the Board for Correction of Military Records is not a prerequisite to suit in this court, and plaintiff was entitled to initially seek relief from the Court of Claims. Under such circumstances we must ascertain the facts. Since there has been, as yet, no factual determination as to whether plaintiff suffered from a disease or an “injury,” the case is referred to the Commissioner under Rule 37. Both plaintiff’s and defendant’s motions for summary judgment are denied.
It is so ordered.
Dureee, Judge; Laramore, Judge, and Jones, Chief Judge, concur.

 54 Stat. 864, as amended by 63 Stat. 201.. Section 4 provides in pertinent part:
“All officers, nurses, warrant officers, and enlisted men of the united States Naval Reserve or United States Marine Corps Reserve, who—
*****
“(2) if called or ordered by the Federal Government to active naval or military service or to perform active duty for training or inactive duty training for any period of time, suffer disability or death in line of duty from injury while so employed; shall be deemed to have been in the active naval service during such period, and they * * * shall be in all respects entitled to receive the same pensions, compensation, death gratuity, retirement pay, hospital benefits, and pay and allowances as are now or may hereafter be provided by law or regulation for officers, warrant officers, nurses, and enlisted men of corresponding grades and length of service of the Regular Navy or Marine Corps: * * V* (Emphasis added.) Now, as further amended, 10 Ü.S.C. § 6148(a).

 121 Ct. Cl. 643.