**CROMPTON–RICHMOND CO., INC., FACTORS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 66 Civ. 3632.

United States District Court
S. D. New York.

Aug. 7, 1967.

Hahn, Hessen, Margolis & Ryan, New York City, Francis J. Ryan, Jr., Gary A.

Beller, New York City, of counsel, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, Richard M. Hall, Asst. U. S. Atty., of counsel, for defendant.

FRANKEL, District Judge.

Plaintiff, Crompton-Richmond Co., Inc., Factors, has sued to recover $8,919.64 in taxes it paid as a penalty, pursuant to §§ 6671 and 6672 of the Internal Revenue Code of 1954, for failure to collect and pay federal withholding and employment taxes of Dynamic Techniques, Inc. Dynamic, now bankrupt, failed to collect and pay these taxes for the first and second quarters of 1963, and the Commissioner assessed a 100% penalty against plaintiff as a "responsible person." Similar penalties were assessed against Bernard Mondry, Anne Mondry, Vincent De Sousa, and Philip Pushkin, officers of Dynamic, for varying periods during the first two quarters of 1963. By this motion, the United States seeks to join these four persons as third-party defendants under Fed.R.Civ.P. 14 on the ground that "one or more or all of them may be liable to defendant for all or part of plaintiff's claim against defendant." The Government also proposes to seek affirmative relief against the third-party defendants for short periods of responsibility not encompassed by the Crompton-Richmond assessment.

In support of the motion, the Government refers to its "policy" of seeking to collect only once penalties of the type in question, observing (persuasively) that efforts to collect more than once "would be of doubtful validity." Accordingly, it is argued, if plaintiff prevails in the action, each individual named in the third-party complaint is, in the language of Rule 14(a), "a person * * * who is or may be liable to [the Government] * * * for all or part of the plaintiff's claim against [the Government]." Essentially identical contentions have been found persuasive in the only square precedents disclosed by the researches of counsel and the court. Gardner v. United States, 36 F.R.D. 453 (S.D.N.Y. 1964); Dunham v. United States, 42 F.R.D. 169 (D.Conn.1967). I agree with, and will follow, those decisions.

Opposing this result, plaintiff argues that a third-party complaint must assert a liability which flows as a direct result from a liability of the original defendant to the plaintiff. Reasoning in terms of the classical indemnity model, plaintiff urges that the proposed third-party defendant must be "secondarily liable," subject to a "liability over, based on plaintiff's claim against defendant in the original suit." * This is too restrictive a view of the Rule's meaning and familiar purpose.

"The general purpose of Rule 14 is to, avoid two actions which should be tried together to save the time and cost of a reduplication of evidence [and] to obtain consistent results from identical or similar evidence * * *." 3 Moore, Federal Practice, ¶ 14.04 (2d ed. 1966). See also, Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583, 585 (2d Cir. 1965); Dery v. Wyer, 265 F.2d 804, 806–807 (2d Cir.1959). The foregoing language goes to the heart of the matter. And the situation in this case falls comfortably within the class for which Rule 14 was designed.

While the third parties are not "secondarily liable" in the strictest technical sense of the phrase, the quoted

---

* Plaintiff also observes that it could not have joined the third parties as original defendants, citing the following passage from the commentary to Rule 14 in 28 U.S.C.A., at 412:

"The sole inquiry is * * * whether the plaintiff could have joined the third party defendant in the original suit. J. Douglass Poteat, 25 A.B.A.Jour. p. 858."

The observation and the cited comment are beside the point. The quoted language is from Poteat, Third Party Practice under the Federal Rules, 25 A.B.A.J. 858, 860, which appeared in 1939, seven years before Rule 14(a) was amended to eliminate, as an *alternative* basis for impleader, an asserted direct liability of the third-party defendant to the plaintiff.

words describe their alleged obligations in relevant practical terms. If it should prevail against plaintiff, the Government, under its probably compulsory policy of single collection, will have no claim against the third parties. By the same token, only if plaintiff succeeds will it be necessary to determine finally their alleged liability. And it makes no pertinent difference, of course, that both the plaintiff and the third parties may be held free of liability. It is sufficient under the Rule that a third party "may" be liable.

 The issue to be tried out between plaintiff and defendant is whether, for the relevant time, plaintiff was a "responsible person." This cannot be determined without inquiry into the affairs of Dynamic and its officers, the proposed third-party defendants. Their testimony will be vital to the case, and it would be wastefully duplicative to require the United States to proceed separately against them. Rule 14 is designed for this precise type of problem.

It is no barrier that the claims here are not identical and that some facts may not be material to both aspects of the case. American Fidelity & Casualty Co. v. Greyhound Corp., 232 F.2d 89, 92 (5th Cir.1956). The Rule is operative where "defendant's right against the third party is merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim," Dery v. Wyer, supra, 265 F.2d at 807.

It is likewise no obstacle that affirmative relief is sought against the proposed third-party defendants, above the amount claimed by Crompton-Richmond. See Noland Company v. Graver Tank & Manufacturing Co., 301 F.2d 43 (4th Cir.1962). Amended Rule 18(a) and the Advisory Committee Note thereto make it clear that, assuming the third-party complaint to be otherwise proper, additional claims against third-party defendants are permissible. See 39 F.R.D. at 87 ("a party asserting a * * * third-party claim * * * may join as many claims as he has against an opposing party").

Finally, plaintiff's claims of prejudice and burdensome complications are, for reasons already outlined, unimpressive. While the addition of new parties may, of course, add somewhat to the length and complexity of discovery procedures, the price is small compared to the alternative prospect of separate, largely repetitious, and potentially inconsistent adjudications. Moreover, the single trial sought by the Government should not be substantially longer or more involved than either of the two contemplated under plaintiff's view.

The motion is granted. So ordered.