**UNITED STATES of America, Plaintiff,**

v.

**Thomas TURK, Anita H. Turk, and the Broadview Savings and Loan Company, an Ohio Corporation, Defendants.**

Civ. A. No. C65–487.

United States District Court
N. D. Ohio, E. D.

June 20, 1968.

Carl Miller, Asst. U.S. Atty., Cleveland, Ohio, for plaintiff.

Elmer J. Whiting, Jr., Robert M. Krewson, Krewson, Lewis & Krewson, Cleveland, Ohio, for defendants.

OPINION

BATTISTI, District Judge:

This action has been submitted for decision on the basis of a "Stipulation of Facts." This stipulation resolves all but one of the issues raised by the pleadings.

The sole issue remaining is whether the plaintiff is barred by 26 U.S.C. § 6502(a) from collecting a certain gambling excise tax assessment. The facts relative to that issue are set forth in paragraphs 3 through 9 of the Stipulation of Facts. They are:

"3. On October 19, 1956, law enforcement officials raided the Locust Farm Motel in Geauga County, Ohio and found therein gambling paraphernalia, evidence of gambling, and, among others, the defendant, Thomas Turk.

4. Thereafter, Thomas Turk, was indicted by the Grand Jury of Geauga County, and was subsequently found guilty, by the Common Pleas Court of Geauga County, of having unlawfully established, promoted and carried on a certain scheme of chance known as a "clearing house". As a result of this conviction, Thomas Turk was fined $500 and given a 30 day suspended jail sentence.

5. As a result of this raid, a gambling excise tax assessment including penalty and interest in the amount of $31,354.02 was made against each of the five principals involved in this gambling operation. The assessment was made on June 17, 1957.

6. As a result of this assessment, collection activities were commenced by the Internal Revenue Service and each of the five principals voluntarily paid to the Internal Revenue Service the sum of $100 in an effort to get a judicial determination

of the validity of the aforementioned excise tax assessment. The collection efforts thus undertaken resulted in payments having been made on this account sufficient to pay the entire tax and a portion of the penalty, leaving unpaid the remainder or the penalty and the assessed interest.

7. On August 21, 1959, the Internal Revenue Service, having determined that the penalty assessed on June 17, 1957, was erroneous, abated the original assessment and correctly assessed a tax of $15,411.70, a penalty of $7,705.85, and accrued interest in the amount of $1,212.74. This assessment was made again on five of the principals jointly and severally, including the defendant, Thomas Turk.

8. Notice and demand for payment of this assessment was duly made on August 21, 1959, and on September 2, 1959, a notice of federal tax lien was duly filed with the Recorder of Deeds of Cuyahoga County.

9. There remains due and outstanding on this assessment the amount of $5,729.60, plus interest thereon from the date of assessment."

No claim is made by defendant Thomas Turk that either the June 17, 1957 assessment or the August 21, 1959 assessment was barred by 26 U.S.C.A. § 6501.[1] Moreover, defendant does not challenge the propriety of the plaintiff's abatement of the entire unpaid balance of the June 17, 1957 assessment[2] or the validity of the assessment made thereafter (i. e., the

August 21, 1959 assessment).[3] Defendant's sole claim is that the present action was not brought within the six year period provided by 26 U.S.C.A. § 6502.

Section 6502, 26 U.S.C.A., provides in part:

Collection after assessment

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

* * * * * *

The instant action was filed within 6 years after the August 21, 1959 assessment but more than 6 years after the June 17, 1957 assessment. Defendant Turk urges that the June 17, 1957 date rather than the August 21, 1959 date governs in determining whether the instant action is barred under 26 U.S.C.A. § 6502.

It would appear that there are no reported decisions which consider the specific question here raised. However, this court is of the view that Section 6502 clearly contemplates that the timeliness of an action for collection is to be determined on the basis of the specific assessment which is the subject matter of the

1. That Section provides in part:
   § 6501. Limitations on assessment and collection.
   (a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

2. Section 6404, 26 U.S.C.A., provides in part:
   (a) General rule.—The Secretary or his delegate is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which—
   (1) is excessive in amount, or
   (2) is assessed after the expiration of the period of limitation properly applicable thereto, or
   (3) is erroneously or illegally assessed.

3. See: Austin Co. v. Commissioner of Internal Revenue, 35 F.2d 910 (C.A. 6 1929).

action. Here, the specific assessment involved is that dated August 21, 1959.[4] Since that assessment is a valid assessment made within the three year period provided by section 6501, and, further, since this action for collection was brought within 6 years thereafter, the court finds that the action is not barred under section 6502.

The United States will submit a proposed order within 15 days. This order should take into consideration the interest of defendant Broadview Savings and Loan Company (paragraph 26 of Stipulation of Facts).

---

4. After the abatement, the June 17, 1957 ceased to exist or have any effect. Carlin

v. United States, 100 F.Supp. 451, 121 Ct.Cl. 643 (1951).