CROMPTON–RICHMOND CO., Inc.,
Factors, Plaintiff,

v.

UNITED STATES of America,
Defendant.

UNITED STATES of America,
Defendant and Third Party
Plaintiff,

v.

Bernard MONDRY, Anne Mondry, Vincent De Sousa and Philip Pushkin,
Third-Party Defendants.

No. 66 Civ. 3632.

United States District Court,
S. D. New York.

April 24, 1970.

Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, for the United States; by Richard M. Hall, Asst. U. S. Atty., New York City.

Schwab & Goldberg, New York City, for third-party defendant De Sousa; David E. Schwab, II, and Richard Dannay, New York City, of counsel.

MANSFIELD, District Judge.

Vincent De Sousa, a third-party defendant, moves for summary judgment pursuant to Rule 56, F.R.Civ.P., claiming that a tax penalty against him has been

abated and the Internal Revenue Service ("IRS") cannot therefore reinstate it against him. For the reasons stated below the motion is denied.

In April, 1964, the IRS assessed the penalty tax in question against Crompton-Richmond Co., Inc. ("Crompton-Richmond"), pursuant to 26 U.S.C. § 6672,[1] based on the failure of a bankrupt, Dynamic Techniques, Inc., to pay withholding income and employment taxes during the period from January 29, 1963, through March 31, 1963. Crompton-Richmond paid the assessment in May, 1965, and on October 31, 1966, instituted the present suit for a refund, claiming that it is not liable for Dynamic's failure to collect and pay the withholding taxes.

At the time when it assessed the full penalty tax against Crompton-Richmond the IRS believed that there were several other persons responsible for the bankrupt's dereliction, including Vincent De Sousa, Bernard Mondry, Anne Mondry and Philip Pushkin. Although each of these persons could have likewise been assessed the penalty tax under the terms of § 6672, IRS policy and practice has been to collect the 100% penalty assessment only once. However, when Crompton-Richmond sued for a refund and contested its liability, the Government, pursuant to a motion granted by Judge Frankel on August 7, 1967, Crompton-Richmond Co., Factors v. United States, 273 F.Supp. 219 (S.D.N.Y.1967), filed a third-party claim herein against De Sousa, the Mondrys and Pushkin, apparently for the purpose of protecting itself against the possibility that Crompton-Richmond might prevail. The third-party defendants then appeared and have since defended the third-party action against them.

On November 7, 1967, the District Director of the IRS for Brooklyn, who had the obligation to collect the penalty, requested an adjustment from the North Atlantic Region Service Center of the IRS to abate the assessment against De Sousa because Crompton-Richmond had already paid the penalty. His request was based on the already-mentioned IRS policy and practice to the effect that while the IRS has the power to assess the same tax penalty against several parties whose obligations the IRS considers to be like joint and several liability, see Kelly v. Lethert, 362 F.2d 629, 635 (8th Cir. 1966); cf. Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); Crompton-Richmond Co., Factors v. United States, *supra*, payment of the assessment by one party abates the obligation of all the others. On September 25, 1968, the District Director's request was rejected for the reason that an abatement could properly be granted only upon expiration of the statutory period for commencement of a refund suit or, if a refund suit is filed, upon final adjudication of the action. Since Crompton-Richmond's refund suit was still pending, the assessment against De Sousa could not be abated.

In the meantime, on September 9, 1968, the District Director, not having received a reply to his first request, addressed a second Request for Adjustment to the Service Center. On April 24, 1969, the latter notified De Sousa that the $8,703.83 assessment against him had been abated. It is clear that the District Director's second request and the Regional Service Center's issuance of the abatement represented plain ordinary clerical or bookkeeping errors arising out of the failure of some IRS office personnel to appreciate that there was a pend-

---

1. 26 U.S.C. § 6672 provides:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

ing refund suit. When the IRS discovered the error, it immediately reversed its decision to abate and notified De Sousa of the reinstatement of the assessment on June 9, 1969.

■ The issue presented is under what circumstances the IRS may reinstate an assessment which has been mistakenly abated, once the running of the statute of limitations precludes a new assessment for the same tax liability.[2]

■ Title 26 U.S.C. § 6404 authorizes the IRS to abate an unpaid assessment whenever it

"(a) * * *

"(1) is excessive in amount, or

"(2) is assessed after the expiration of the period of limitation properly applicable thereto, or

"(3) is erroneously or illegally assessed [or] * * *

"(c) * * * the Secretary or his delegate determines under uniform rules prescribed by the Secretary or his delegate that the administration and collection costs involved would not warrant collection of the amount due."

An assessment abated under (a) (1), *supra,* is thereby cancelled and cannot be resurrected if the IRS later decides that its decision was incorrect. United States v. Turk, 290 F.Supp. 588 (N.D.Ohio 1968); Carlin v. United States, 100 F. Supp. 451, 121 Ct.Cl. 643 (1951); McCutchen v. Commissioner, 16 B.T.A. 569 (1929); Carney Coal Co. v. Commissioner, 10 B.T.A. 1397 (1928). On the other hand, the IRS can revive an assessment abated under (c), *supra,* because the abatement of an uncollectible tax, according to IRS regulations, is not deemed to have cancelled the tax. In effect the IRS excuses its collector's obli-

gation (in this case the Brooklyn District Director) to account for the tax liability, but does not excuse the taxpayer's liability. Since the assessment is thus not eliminated, the IRS can revive it if the abatement has been erroneously made. Kroyer v. United States, 55 F.2d 495, 73 Ct.Cl. 591 (1932); Carlin v. United States, *supra;* Sugar Run Coal Mining Co. v. United States, 21 F.Supp. 10 (E.D.Pa.1937).

■ The Government suggests that the situation here is most closely analogous to an abatement of an uncollectible tax (part (c), *supra*) because the IRS could not "collect" from De Sousa if Crompton-Richmond proved unsuccessful in its suit for refund. De Sousa, on the other hand, argues that the assessment is properly characterized as "excessive" (part (a) (1)), because the Government may collect the penalty only once, even though it can hold various parties liable for its payment. See Kelly v. Lethert, *supra;* cf. Crompton-Richmond Co., Factors v. United States, *supra.* Since Crompton-Richmond has already paid the total penalty, argues De Sousa, payment by him would be "excessive."

We lean toward acceptance of the Government's characterization of the assessment rather than that urged by De Sousa. But even if we accepted the latter the assessment would not become "excessive" until the tax was finally and irrevocably paid. As long as Crompton-Richmond's refund suit is still pending, there is the possibility that a refund will be granted, which would have the effect of cancelling or nullifying the effectiveness of the payment. Thus, regardless whether De Sousa's or the Government's analysis is adopted,[3] the abatement could be can-

---

2. If the statute of limitations has not run, the IRS may simply make a new assessment of the tax liability that had been abated. Berry v. Westover, 70 F.Supp. 537 (S.D.Calif.1947); Sokolow, Exr. v. Commissioner, 22 B.T.A. 349 (Ct.Cl. 1931).

3. The form submitted by the District Director in which he sought an abatement does not help identify the statutory authority upon which the Regional Center acted. Written in the broadest of language, it simply notes that the penalty was paid by Crompton-Richmond and that an abatement was therefore proper as to De Sousa's liability.

celled and the assessment reinstated against De Sousa.

■ In any event, the motion fails for still another reason. A distinction must be drawn between a substantive reconsideration of the taxpayer's liability by the IRS and a clerical error committed by the IRS that has the same effect. Whenever an abatement is issued because of a mistake of fact or bookkeeping error, the assessment can be reinstated, at least so long as this does not prejudice the taxpayer. The situation here parallels that in Kroyer v. United States, 55 F.2d 495, 73 Ct.Cl. 591 (1932), where, because of bookkeeping errors that occurred as a result of confusion arising from two additional tax assessments and the taxpayer's transfer of his residence to another tax collection district, the Commissioner mistakenly abated a valid assessment and accepted payment by a surety upon an invalid one. In holding that the Government was not bound by the abatement the court stated:

"A fortiori we think it would follow that the government was not bound by some action of one of its officers resulting from a mistake of fact which, when such action was corrected, left the whole matter in such a situation that the party complaining had received no injury and been done no injustice." (55 F.2d at 499)

The situation here, on the other hand, is distinguishable in significant respects from cases cited by De Sousa, where the IRS issued an abatement only after review of additional assessments upon the merits and after re-evaluation of the taxpayer's liability, rather than because of clerical errors or mistakes of fact. See Carney Coal Co. v. Commissioner, 10 B.T.A. 1397 (1928). In this latter situation the Commissioner is understandably precluded from cancelling an abatement and reinstating an assessment merely because, upon further consideration, he has decided to change his position.

■ The abatement issued here by the Regional Director was not in response to any protest by De Sousa and was not made after reconsideration of his liability. The error was administrative rather than substantive. The Government is not bound by such errors of its agents, at least in the absence of any showing of prejudice to the taxpayer, and no such prejudice is shown here. Kroyer v. United States, supra 55 F.2d at 499.

The motion is denied.

It is so ordered.