910 F.2d 1289
 67 A.F.T.R.2d 91-550, 90-2 USTC P 50,492,
Unempl.Ins.Rep. CCH 15704A
 Michael J. McCRAY, Plaintiff,
v.
UNITED STATES of America, Defendant-Cross-Plaintiff-Appellee,
v.
Louis James SCOTT, a/k/a James L. Scott, Cross-Defendant-Appellant.
 No. 90-2014
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 10, 1990.
Rehearing Denied Oct. 19, 1990.
 Michael Louis Minns, Houston, Tex., for cross-defendant-appellant.
 Doris D. Coles, William S. Estabrook, Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendant-cross-plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before CLARK, Chief Judge, REAVLEY and KING, Circuit Judges.
 PER CURIAM:
 
 I.
 
 1
 Shannon Advertising, a Texas corporation, was owned in equal shares by Louis Scott, Michael McCray, Andrew Martin, and Leonard Raines. Shannon did not pay over its federal employee withholding taxes for the first, second, and third quarters of 1982. Under 26 U.S.C. Sec. 6672 (1954), the Internal Revenue Service (IRS) assessed each of the four owners a penalty of 100% of the payments due. McCray paid $750 and sued for a refund. The IRS counterclaimed, joining the other owners. McCray and the IRS entered a stipulation of dismissal of his refund claim. The district court entered an agreed judgment between the IRS and Martin stating that Martin is jointly and severally liable for 100% of the penalty. The court also granted the motion of the United States for summary judgment against Scott and Raines, holding each liable for 100% of the Sec. 6672 penalty.
 
 II.
 
 2
 Scott raises two issues. He states that he should not be held responsible for paying the penalty because he did not willfully fail to pay over the trust funds as a matter of law. He claims he relied on the other owners, who were in charge of the affairs of the business, and the business's accountants and lawyers to see that the proper taxes were paid. Scott also contends that the district court erred in entering judgment against him for more than the full amount of the penalty now due. He only received credit for the amount which he has paid, yet two of Scott's jointly liable co-defendants have also made partial payments to the IRS. Scott argues that these amounts should have been credited to him in the court's judgment against him.
 
 
 3
 The summary judgment proof showed Scott is clearly a person responsible for the payment of the withholding tax. Although Scott was not the corporate officer directly in charge of paying federal taxes, he was chairman of the board of directors and a vice president. He admitted knowing as early as June 1982 that the withheld taxes had not been paid over. After that date, he used corporate funds to pay other creditors before paying the delinquent taxes. This makes him a responsible party who willfully withheld tax payments. Howard v. United States, 711 F.2d 729, 733-36 (5th Cir.1983).
 
 
 4
 As to the amount of the assessment, the IRS states that it is Service policy to collect only 100% of the amount due from any group of jointly liable persons. Because responsible persons are jointly and severally liable under Sec. 6672 for the delinquent taxes, USLife Title Ins. Co. of Dallas v. Harbison, 784 F.2d 1238, 1243 (5th Cir.1986), IRS procedure is to seek a judgment against each party for the full amount due and later abate the total liability by the accumulation of amounts paid by each responsible party. This abatement does not occur, however, until the "expiration of the statutory period for commencement of a refund suit or, if a refund suit is filed, upon final adjudication of the action." Gens v. United States, 615 F.2d 1335, 1340, 222 Ct.Cl. 407 (1980), cert. denied, 459 U.S. 906, 103 S.Ct. 209, 74 L.Ed.2d 167 (1982) (citation omitted); see USLife, 784 F.2d at 1243-44. The IRS argues that in this case the possibility existed at the time of judgment that the owners who had paid portions of the amount due might sue for a refund. The IRS argument here is the same as that accepted by the court in USLife:
 
 
 5
 Until the limitations period for seeking a refund expires, it cannot be determined with certainty whether the Government will be entitled to retain the funds it has collected. The six-year period for collecting the liabilities assessed against the remaining responsible persons, see 26 U.S.C. Sec. 6502(a), could expire while the first responsible person's refund claim is still pending. In such circumstances, if the Government were prohibited from pursuing collection activities against the other responsible persons, a successful claim for refund by one of the responsible persons would have the effect of defeating collection of the full amount of the underlying taxes.
 
 
 6
 784 F.2d at 1244. USLife, however, prefaced that explanation of the IRS's prerogative to pursue each responsible party for the full amount of the penalty due by stating:
 
 
 7
 It should be noted that the problem involved here is not present when each responsible person has litigated her liability under Section 6672. When a person against whom an assessment has been made contests her liability by instituting a refund suit, the Government joins the other persons against whom Section 6672 assessments have been made. This procedure resolves doubt as to whom the Government may look to for payment of the withholding tax delinquency.
 
 
 8
 784 F.2d at 1243-44 (citations and footnote omitted). This passage describes the procedural history of the present case. We are told that each responsible person other than Scott now has either reached a binding settlement with the United States or has had a final and unappealed judgment rendered against him. The United States is no longer in danger of losing its right to collect the full amount due. Since Service policy does not permit recovery of more than the amount due plus interest on the unpaid balance, Scott can secure an administrative adjustment for any amount finally paid by joint debtors plus the proper interest credit.
 
 III.
 
 9
 The judgment of the district court against Scott is affirmed without prejudice to the pursuit by Scott of the administrative remedies the IRS assures us are available to adjust the credit he claims are due him as one jointly and severally liable with joint judgment debtors who have finally paid some portion of the common debt.
 
 
 10
 AFFIRMED.