**Michael J. CAPARCO, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 93–73T.**

United States Court of Federal Claims.

Aug. 11, 1993.

Scott W. Putney, U.S. Dept. of Justice, Tax Div., Claims Court Section, Washington, DC, for U.S.

Richard C. Bicki, Cerilli, McGuirl, & Bicki, Providence, RI, for Michael J. Caparco.

*Order* [1]

WEINSTEIN, Judge.

Defendant has filed a motion for a suspension of proceedings in this case, a refund claim for taxes assessed pursuant to § 6672 of the Internal Revenue Code (26 U.S.C.), pending completion of a related refund action filed in the United States District Court for the District of Connecticut (*Rosemary E. Hall, Plaintiff v. United States of America, Defendant and Counterclaim Plaintiff v. Michael J. Coparco [sic], Bennett H. Parton, and John H. Carr, Counterclaim Defendants*, Civil No. 3:93–CV–602 (TFGD)) one month after the complaint here. Plaintiff, together with three other alleged "responsible persons," is named as a counterclaim defendant in the district court action.

 Pursuant to the court's inherent discretion "to control the disposition of the causes on its docket with economy of time," defendant's motion is granted on grounds of judicial efficiency. *See Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). Plaintiff does not dispute that the district court action concerns substantially identical facts and circumstances and will resolve substantially identical issues under I.R.C. § 6672 as to all persons assessed as "responsible persons" thereunder.[2] This case

---

1. This order originally was issued on July 15, 1993. The government requested publication. Therefore, the July 15 order is being reissued for publication, with minor revisions not affecting the substance of the decision.

2. More than one person can be found to be a "responsible person" and subjected to the penalties under I.R.C. § 6672, for the same taxes. *White v. United States*, 372 F.2d 513, 516, 178 Ct.Cl. 765 (1967). However, it has been the Internal Revenue Service's policy to collect only one hundred percent of the amount due from any group of jointly and severally liable responsible persons. *See, e.g., McCray v. United States*, 910 F.2d 1289, 1290 (5th Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991); *Kelly v. Lethert*, 362 F.2d 629, 635 (8th Cir.1966). While the government seeks a judgment against each person for the full amount, and has discretion as to whom it shall assess, its policy is not to abate the total liability until the expiration of the period for commencement, or final adjudication, of a refund suit. *Gens v.*

therefore involves substantial, if not complete, duplication of the government's efforts in the district court.

The fact that this court has jurisdiction over plaintiff's refund suit does not require it to exercise jurisdiction when judicial efficiency would not be served thereby. (A transfer is not being requested pursuant to 28 U.S.C. § 1631 (1988), which governs transfers for want of jurisdiction. Nor is plaintiff requesting consolidation.) There is no indication that the government asserted the counterclaim solely to deprive plaintiff of his choice of forum, since two other counterclaim defendants also were named, and the government had a clear interest in litigating all the responsible person issues in one proceeding (although it was not required to do so by way of a compulsory counterclaim).

Plaintiff argues that the one hundred and twenty five mile distance between his residence, in Rhode Island, and the locale of the district court action, in the adjoining state of Connecticut, will result in "logistical problems" and additional expense, and implies that he will be prejudiced by having his dispute litigated before a federal district court sitting in Connecticut and comprised of Connecticut jurors.

It is not clear to this court why such a relatively minor distance (less than the breadth of a judicial district in many states and well under a three hour drive) will represent a logistical or financial hardship. Plaintiff also does not represent that he has insufficient funds to litigate the dispute in Connecticut rather than Rhode Island or Washington, D.C. (where status conferences and routine hearings generally are held by this court) or support by material meeting the standards of Appendix H to this court's rules his conclusory assertion that his counsel's "substantial additional expenses" will be required.

■ Also, the burden of proof is the same in the federal district court, and it is not self evident that a federal court sitting in Connecticut with a Connecticut jury would be less fair to plaintiff, or less expeditious, than this court.[3]

In any event, all of the foregoing considerations are not relevant, because plaintiff would be required to defend himself in the district court notwithstanding the pendency of this action. The precedent cited by plaintiff clearly supports *defendant's* argument that the government may seek to collect taxes in whatever proceedings it selects, including a federal district court action, even after a plaintiff has initiated a suit here or in another district court. *Caleshu v. United States*, 570 F.2d 711 (8th Cir.1978) (holding that the government not required to counterclaim in district court refund action; government not compelled to litigate when it chooses not to or when it chooses to litigate in another court); *see also Allen v. United States*, 225 Ct.Cl. 555 (1980) (*citing Caleshu* with approval); *cf. Fiskov v. United States*, No. 529–78, slip op. at 2 (Ct.Cl. Sept. 21, 1979) (suspending

*United States*, 615 F.2d 1335, 1339–40, 222 Ct.Cl. 407 (1980), *cert. denied*, 459 U.S. 906, 103 S.Ct. 209, 74 L.Ed.2d 167 (1982). Thus, if plaintiff is adjudged a responsible party in this case, he might be required to make the full one hundred percent penalty payment without any possibility of abatement, until others may be found to be responsible parties in the district court case.

At the moment, plaintiff is only out of pocket in the amount of $1,500. If found to be a responsible party under § 6672, however, he may suffer entry of judgment against him, and collection action to recover, the amount of $1,472,381.21, the sum assessed by the IRS. Thus, under certain circumstances, until determination of the district court proceedings, the delay actually would appear to be in plaintiff's interest.

3. Courts do not consider the forum shopping argument to be dispositive (or even relevant) in determining whether a change in forum is appropriate. *Cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 252 n. 19, 102 S.Ct. 252, 264 n. 19, 70 L.Ed.2d 419 (1981) (in deciding *forum non conveniens* motion, substantial weight or consideration not given to either party's argument that one forum's law was unfavorable). Any argument that a trial in Connecticut would improperly discriminate against a citizen of Rhode Island incorrectly assumes that the Connecticut court is a state court, and ignores that this case is not based on diversity jurisdiction. Finally, if valid, the *forum non conveniens* argument may be raised by plaintiff in the district court action in Connecticut. *See* Fed.R.Civ.P. 12.

proceedings pending decision in district court).

Because plaintiff has specified no facts supporting its arguments for denying defendant's motion, and for the foregoing reasons, defendant's motion for a suspension is granted, on grounds of judicial economy. However, plaintiff is granted leave to seek vacation of the suspension should termination of the district court proceedings be delayed for more than one year, or for good cause.