Carol Janett CHENE, Debtor.

United States of America, Appellant,

v.

Carole Janett Chene, Appellee.

No. 98–2314–CIV–T–17F.
Bankruptcy No. 95–4809–8G3.

United States District Court,
M.D. Florida,
Tampa Division.

July 2, 1999.

John A. Galotto, U.S. Dept. of Justice, Tax Division, Washington, DC, for USA.

Jay D. Passer, Jay D. Passer, P.A., Tampa, FL, for Carol Janett Chene.

### APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

KOVACHEVICH, Chief Judge.

This cause is before the Court on appeal by Appellant, United States of America, from the Order on Debtor's Objection to Claim No. 8 in Bankruptcy Case No. 95–4809–8G3, entered September 28, 1998 by United States Bankruptcy Judge Paul M. Glenn (Docket No. 5) and response by Appellee, Debtor, Carole Janett Chene (Docket No. 7).

### ISSUE

Whether the Debtor is jointly and separately liable for the civil penalty assessed on September 8, 1986, under 26 U.S.C.A. § 6672 for the tax period ending March 31, 1986, when the Internal Revenue Service (IRS) erroneously refunded $12,602.87 on July 29, 1991, and filed a Certificate of Release of Tax Lien on September 21, 1992, to Debtor's former husband?

### FACTS

On August 5, 1997, Appellant and Appellee filed a Joint Stipulation of Facts. The stipulated facts include: Debtor and her former spouse, Gerald L. Chene, were officers and/or directors in the corporation

Chene Productions, Inc., EIN 59–2209227, during the tax years 1985 and 1986.

The IRS determined that the corporation had outstanding employment tax liabilities for the periods ending March 31, 1986 and September 30, 1986.

On September 8, 1986, the IRS assessed a civil penalty against Debtor as a responsible person under Section 6672 of the Internal Revenue Code for a period ending March 31, 1986, in the amount of $30,829.85.

On September 8, 1986, the IRS assessed a civil penalty against Gerald Chene as a responsible person under Section 6672 of the Internal Revenue Code for a period ending March 31, 1986, in the amount of $30,829.85.

On April 19, 1988, the IRS filed a Notice of Federal Tax Lien in the records of Genesee County, Michigan, based upon Gerald Chene's liability described in paragraph 4.

On February 12, 1990, the IRS assessed a civil penalty against Debtor as a responsible person under Section 6672 of the Internal Revenue Code for a period ending September 30, 1986, in the amount of $10,110.07.

On October 2, 1990, the IRS filed a Notice of Federal Tax Lien in the records of Pinellas County, Florida, based upon the debtor's liability described in paragraph 6.

On September 22, 1992, the IRS refiled a Notice of Federal Tax Lien in the records of Pinellas County, Florida, based upon the debtor's liability described in paragraph 3. This Notice of Federal Tax Lien was originally filed on or about December 31, 1986.

On September 21, 1992, IRS filed a Certificate of Release of Tax Lien in the records of Pinellas County, Florida.

On August 11, 1997, Debtor filed a Motion for Summary Judgment on Objection to Claim of Internal Revenue Service in the United States Bankruptcy Court in the Middle District of Florida, Tampa Division.

In response, the United States of America, on August 18, 1997, filed a cross-motion for Summary Judgment. Subsequently, the Bankruptcy Court granted Debtor's Motion for Summary Judgement and disallowed IRS Claim No. 8 for $10,301.72, based on the interest to the petition date on the civil penalty assessed against Debtor on September 8, 1986.

On December 21, 1998, the United States of America filed an appeal claiming that the Bankruptcy Court erred when it disallowed the claim of interest accrued upon the civil penalty assessed against Debtor for the tax period ending March 31, 1986.

## STANDARD OF REVIEW

■ In evaluating the issues on appeal, the Court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard. *See In re Sublett,* 895 F.2d 1381, 1383 (11th Cir.1990); *In re Hillsborough Holdings Corp.,* 176 B.R. 223, 232 (M.D.Fla.1994). While its conclusions of law and application of law to particular facts are reviewed *de novo. See* Bankruptcy Rule 8013; *In re Goerg,* 930 F.2d 1563, 1565 (11th Cir.1991); *Flagship Marine Services, Inc. v. Belcher Towing Co.,* 966 F.2d 602, 604 (11th Cir.1992); *In re Hillsborough Holdings Corp.,* 176 B.R. 223, 232 (M.D.Fla.1994). In accordance with these standards, the Court will address each point of error raised by Appellant.

## DISCUSSION

■ Appellant asserts that the Bankruptcy Court ignored the principle of joint and several liability incorporated into 26 U.S.C.A § 6672, which precludes Debtor from claiming entitlement to credit payments made by her former husband. In addition, Appellant argues that the Bankruptcy Court erred when it found that the erroneous IRS refund and subsequent Certificate of Release of Tax Lien to Debtor's former husband did not affect Debt-

or's liability and, thus, did not prejudice the Debtor.

Addressing each of Appellant's arguments, this Court will first examine joint and several liability under 26 U.S.C.A. § 6672 as it relates to the facts in this case which involve an erroneous refund and the Certificate of Release of Tax Lien issued to Debtor's former husband. Second, the Court will examine the effect of the erroneous refund on Debtor's tax liability. Finally, the Court will determine whether the error will prejudice Debtor.

## Joint and Several Liability Under 26 U.S.C.A. § 6672

The Court must first determine whether Debtor was a responsible person under 26 U.S.C.A § 6672(a) (1999). Then, whether she is relieved of her civil penalty when the civil penalty is paid through the efforts of both responsible parties.

In cases where the IRS has imposed a penalty under Section 6672, the Court must first determine whether the taxpayer was a responsible party. *Thibodeau v. United States*, 828 F.2d 1499 (11th Cir. 1987); *Mazo v. United States*, 591 F.2d 1151 (5th Cir.1979); *Guito v. United States*, 764 F.Supp. 1445, 1450 (M.D.Fla. 1991). A responsible person as defined under 26 U.S.C.A § 6672(a) (1999) is:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by the law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C.A § 6672(a) (1999). Debtor does not dispute that she is a responsible person under Section 6672.

■ When several individuals together exercise complete control over the financial affairs of a business enterprise, each person is a responsible person under Section 6672. *Slodov v. United States*, 436 U.S. 238, 246–50, 98 S.Ct. 1778, 1784–87, 56 L.Ed.2d 251 (1978); *Smith v. United States*, 894 F.2d 1549 (11th Cir.1990); *Mazo*, 591 F.2d at 1156; *Guito*, 764 F.Supp. at 1450. Further, 26 U.S.C.A. § 6672(d) provides that more than one person may be a responsible person:

If more than 1 person is liable for the penalty under subsection (a) with respect to any tax, each person who paid such penalty shall be entitled to recover from other persons who are liable for such penalty an amount equal to the excess of the amount paid by such person over such person's proportionate share of the penalty.

26 U.S.C.A § 6672(d) (1999). In this case, Debtor and her former husband were responsible persons as officers and/or directors of Chene Productions, Inc.

■ Once the IRS establishes that the taxpayer is a responsible party, the taxpayer challenging the penalty assessment bears the burden of proof that the taxpayer did not act willfully. *Smith*, 894 F.2d at 1553; *Thibodeau*, 828 F.2d at 1505; *Guito*, 764 F.Supp. at 1451. Willfulness may be as simple as the responsible person knowing that the trust fund taxes were not remitted to the government and failing to rectify the situation. *Mazo*, 591 F.2d at 1157; *Hornsby v. Internal Revenue Service*, 588 F.2d 952 (5th Cir.1979); *Guito*, 764 F.Supp. at 1451. In this case, Debtor does not challenge her responsibility for failing to pay taxes.

■ When there are more than one responsible persons, the Third, Sixth, Fifth, and Eighth Circuit Court of Appeals have held that Section 6672 imposes joint and several liability on each responsible person, and each responsible person can be held for the total amount of withholding not paid. *McCray v. United States*, 910 F.2d 1289, 1290 (5th Cir.1990); *Quattrone Accountants, Inc. v. Internal Revenue Service*, 895 F.2d 921, 926 (3d Cir.1990); *Sin-*

der v. United States, 655 F.2d 729, 732 (6th Cir.1981); Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir.1976). Moreover, responsible persons under Section 6672 are held jointly and severally liable for the underlying withholding tax delinquency. Mazo, 591 F.2d at 1155; Brown v. United States, 591 F.2d 1136, 1142 (5th Cir.1979).

■ Although each responsible person is liable for the entire amount of the unpaid withholding tax, the IRS does not recover more than 100 percent of the underlying tax. USLIFE Title Insurance Company of Dallas v. Harbison, 784 F.2d 1238, 1243 (5th Cir.1986); McCray, 910 F.2d at 1290; Quattrone, 895 F.2d at 926; Newsome v. United States, 431 F.2d 742, 745 (5th Cir.1970). The Eleventh Circuit Court of Appeals, United States v. Huckabee Auto Co., 783 F.2d 1546, 1548 (11th Cir.1986), ruled that "it is the policy of the IRS to collect the delinquent tax only once." "Double recovery by the government is not necessary to fulfill § 6672's primary purpose—protection of government revenues." Brown v. United States, 591 F.2d 1136, 1143 (5th Cir.1979).

■ However, "the fact that more than one person is responsible for a particular delinquency does not relieve another responsible person of her personal liability, nor can a responsible person avoid collection against herself on the ground that the Government should first collect the tax from someone else." USLIFE Title Insurance Company of Dallas, 784 F.2d at 1243 (citing Hornsby, 588 F.2d at 954). Further, the Fifth Circuit Court of Appeals, in USLIFE Title Insurance Company of Dallas, held that the government was substantially justified in continuing its collection efforts although it had collected the total amount of underlying taxes from the total of two responsible persons. USLIFE Title Insurance Company of Dallas, 784 F.2d at 1240. Finally, the Court ruled that it was "clearly reasonable in both law and fact," and that:

> [P]rohibiting the Government from pursuing each person against whom an as-

sessment has been made subjects it to the risk that the first person to pay the amount of the underlying delinquency might obtain a refund after the limitations period has expired for collecting taxes from the other persons who are responsible for seeing that the withholding taxes were paid.

Id. at 1245.

Although the facts in this case are similar to the facts in USLIFE Title Insurance Company of Dallas, there are significant differences. In USLIFE Title Insurance Company of Dallas, 784 F.2d at 1243, the IRS did not erroneously refund monies to one of the responsible persons or erroneously remove a lien from that person's property in satisfaction of the tax liability. In this case, both errors were committed.

First, the IRS misapplied monies resulting in a refund of $12,172.98 to Debtor's former husband. Both Debtor and her former husband made payments which when combined equaled the original tax assessed. However, the IRS applied the $30,000 payment made by Debtor on January 25, 1989, to Debtor's former husband on September 8, 1986. This automatically readjusted the interest to zero and resulted in the refund to Debtor's former husband. Which subsequently resulted in the second error, the IRS issuing Debtor's former husband a Certificate of Relief of Tax Lien on September 21, 1992.

Regardless of these errors, Appellant argues that Debtor was not affected by these errors, thus her tax liability was never satisfied. Further, that the Bankruptcy Court erred when it held that the erroneous refund to Debtor's former husband relieved Debtor of her liability.

The Bankruptcy Court relied on Bilzerian v. United States, 86 F.3d 1067, 1068 (11th Cir.1996), in which the Eleventh Circuit Court of Appeals held that once a tax liability is paid, no erroneous refund can revive it. Further, that once an assessment is paid, it is extinguished and the

proper procedure for the IRS to collect an erroneous refund is a refund suit under section 7405 or a new assessment. *Id.* Although this applies to Debtor's former husband, it does not apply to Debtor as Debtor's liability was never paid nor did she receive a refund.

Therefore, the Bankruptcy Court incorrectly concluded that Debtor's tax liability was satisfied through the combined payments of Debtor and her former husband. The erroneous refund did not alter her joint and several liability under 26 U.S.C.A. § 6672.

**The IRS's Errors Did Not Alter Taxpayer's Tax Liability.**

Appellant argues that *USLIFE Title Insurance Company of Dallas* applies to this case, as the IRS error has no impact on Debtor's liability, since she is jointly and severally liable for the entire amount. The government argues that until the limitation period, two years from the date the tax is paid, for seeking a refund expires, it cannot be determined with certainty whether the government will be entitled to the funds it has collected. *USLIFE Title Insurance Company of Dallas,* 784 F.2d at 1243–44. Further, the six-year period provided in 26 U.S.C. § 6502(a) could expire while the first responsible person's refund claim is still pending. *Id.* at 1244. Therefore, the government would be prohibited from pursing collection activities against the other responsible persons. A refund by the first person would have the effect of defeating collection of the full amount of taxes.

■ Further, in *Gens v. United States,* 222 Ct.Cl. 407, 615 F.2d 1335 (1980), the Court held that the government's administrative right to retain an assessment is established "only upon expiration of the statutory period for commencement of a refund suit, or if a refund suit is filed, upon final adjudication of the action." [quoting *Crompton–Richmond Co. v. United States,* 311 F.Supp. 1184, 1185 (S.D.N.Y.1970) ]. "Only when the government's right to retain an administrative collection is estab-

lished does it become incumbent on the Government to abate, in the amount of the collection, all 100–percent penalty assessments arising from the payroll liability." *Id.* at 1244–45. Assessment does not become excessive until the tax is "finally and irrevocably paid." *Crompton–Richmond Co.,* 311 F.Supp. at 1186.

In this case, both Debtor and her former husband were assessed the civil penalty, $30,829.85, on September 8, 1986, for the tax period ending March 31. According to IRS records, final payment on the tax liability was made on April 29, 1991, which resulted in the IRS issuing a Certificate of Release of Federal Tax Lien to Debtor's former husband on September 21, 1992, releasing him from the tax liability. Thus, the entire tax liability including the two-year statute of limitations would not be satisfied until April 29, 1993. Appellant argues that Debtor's tax was not "finally and irrevocably" paid when the IRS refiled the Notice of Tax Lien on September 22, 1992. Therefore, Debtor was still liable for the civil penalty.

However, the Bankruptcy Court held that the IRS is bound by the errors of its agents when the affected taxpayer is prejudiced. For instance, in *Crompton–Richmond Co.,* 311 F.Supp. at 1187, the Court held that "[w]henever an abatement is issued because of a mistake of fact or bookkeeping error, the assessment can be reinstated, at least as long as this does not prejudice the taxpayer." The Bankruptcy Court held that Debtor was prejudiced. But for the IRS's error, Debtor liability would have been satisfied. Thus, Debtor was prejudiced as the IRS continued to compute and charge interest. This Court disagrees. Debtor's liability was never satisfied. Therefore, Debtor was not prejudiced.

In summary, this Court will reverse the Bankruptcy Court's order and follow the Fifth Circuit Court of Appeals in *USLIFE Title Insurance Company of Dallas,* finding that under joint and several liability of

26 U.S.C.A. § 6672, the tax liability is not paid until the statute of limitation period expires. First, Debtor never satisfied her tax liability for periods ending March 31, 1986, and September 30, 1986. Although the combined payments of Debtor and her former husband satisfied the assessment, the assessment was not finally and irrevocably paid until September 22, 1993. Second, the IRS's erroneous refund and misapplication of the $30,000.00 payment complicated matters; however, the principle of joint and several liability under Section 6672 provides that each responsible person is responsible for the total assessment. Finally, Debtor was not prejudiced by the IRS's clerical error, as she still owed $829.85 of the total, $30,829.85 for the tax period ending March 31, 1986. Further, Debtor may request a refund up to two years after her liability is satisfied. Accordingly, it is

**ORDERED** that Order on Debtor's Objection to Claim No. 8 in Bankruptcy Case No. 95–4809–8G3 entered on September 28, 1998 by United States Bankruptcy Judge Paul M. Glenn be **REVERSED** and the cause is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.